## PEOPLE v. NATURAL CARBONIC GAS CO.

(Supreme Court, Appellate Division. Third Department. November 16, 1910.)

1. DISCOVERY (§ 36*)—EXAMINATION OF DEFENDANT BEFORE TRIAL—PRACTICE.

Plaintiff may not examine the defendant before trial to ascertain matters which belong exclusively to the defense.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 49; Dec. Dig. § 36.*]

2. DISCOVERY (§ 40*)—EXAMINATION OF DEFENDANT BEFORE TRIAL—WHEN DISCOVERY GRANTED.

Where an order is sought by the state, plaintiff in an action against defendants, engaged in the sale of mineral waters from natural wells, and the gas with which such waters were charged, for alleged waste and wrongful acts, for an examination of the defendant before trial upon numerous practices relating to the conduct of its business and peculiarly within its own knowledge to show injury to others as bearing upon the reasonableness of the defendant's business, the rule that an examination will not be allowed as to matters which it is primarily the province of the defendant to establish has no application; the injuries sought to be shown not being for the purpose of disclosing a defense already disclosed in the answer, but to avoid it.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 53; Dec. Dig. § 40.*]

3. DISCOVERY (§ 38*)—TESTS AND EXPERIMENTS BY DEFENDANT—SCOPE OF USE FOR DISCOVERY—ORDER MODIFIED.

The defendant in an action by the state, alleging a wrongful use and waste of mineral waters, had made certain tests, observations, and experiments to ascertain the effect of its operations on the property of others for use at the approaching trial of the action. Upon an affidavit stating that the plaintiff desired to prove such tests, etc., by defendant, an order for discovery was granted, so framed as to permit an examination concerning such tests, etc., and to allow the plaintiff to ascertain the evidence upon which the defendant relied. *Held*, that such examination was improperly ordered, plaintiff not being entitled to pry into the evidence of the defendant or to test the experiments which the defendant had made for its own use on the trial.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

Appeal from Special Term, Albany County.

Action by the People of the State of New York against the Natural Carbonic Gas Company impleaded with others. From an order vacating an order for the examination of one of the defendants before trial, the People appeal. Modified.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, and SEWELL, JJ.

Edward R. O'Malley, Atty. Gen. (Charles C. Lester and Nash Rockwood, of counsel), for the People.

Morris & Plante (Guthrie B. Plante, of counsel), for respondent.

COCHRANE, J.   The case of the people of the state of New York against this respondent and three other cases all of a kindred nature were before the Court of Appeals and considered and determined together, and are reported in 196 N. Y. 421, 90 N. E. 441, and that report contains a synopsis of the pleadings in those actions.   The present action was instituted subsequent to the determination above mentioned.   The purpose of this action and the relief sought are essentially the same as in those cases so far as the question now involved is concerned.

An order was made herein for the examination of the respondent before trial concerning the following facts:

"The location and area of defendant's lands, and the location and number of its wells, and the depth of each well, and when bored or drilled, and whether bored or drilled into the rock, and the manner of sealing and tubing each; whether the same spouted and if so for how long a time, and when it ceased to spout; the quantity of gas and mineral water yielded by each well, and the methods employed to draw gas and water from each, and the volume and character of such waters and the quantity of their gas and other mineral ingredients at different times since each well was first drilled or bored; all facts bearing upon the variations in the water levels in each well, and the connection between defendant's wells, or any of them, or between them, or any of them, and any other well or wells; the buildings, machinery, apparatus, and contrivances employed in its business, their character and its manner of operating the same and the extent thereof, and the effect upon its wells and the waters and gas therein, and the disposition made by the defendant of the gas and water issuing from its wells; the amount of gas annually sold by the defendant."

This order was subsequently vacated on motion of the respondent, and the plaintiff appeals.

In the cases cited from 196 N. Y., supra, the court held at page 439, 90 N. E. 441, that the burden of proof rested upon the defendants.   The respondent herein in support of the order from which the appeal is taken contends that, in view of such ruling, the matters concerning which its examination before trial is sought constitute an affirmative defense, and are no part of the plaintiff's case.   It is undoubtedly the rule that a plaintiff is not at liberty to examine the defendant before trial for the mere purpose of ascertaining matters which belong exclusively to the defense.   Caldwell v. Glazier, 128 App. Div. 315, 112 N. Y. Supp. 655; Hartog & Beinhauer Candy Company v. Richmond Cedar Works, 124 App. Div. 627, 109 N. Y. Supp. 113.

The plaintiff asserts that the pleadings herein are essentially different from the pleadings before the court in 196 N. Y. 421, 90 N. E. 441, and that the rule there declared as to the burden of proof does not here apply so far as the question now under consideration is concerned.   In the view I take of the matter, it is unnecessary to institute a close analysis of the pleadings in the respective actions for the purpose of ascertaining whether the rule as to the burden of proof enunciated by the Court of Appeals is here applicable or not, because,

assuming without determining that the contention of the respondent is correct in that respect, I am nevertheless of the opinion that the order for the examination of the respondent should be sustained with some modifications.

It is very clear that the matters concerning which the examination was allowed are relevant and material, and may have an important bearing on the issue to be determined. The depth and nature of the wells on the respondent's premises, the quantity of gas and water yielded therefrom from time to time, the methods employed to draw such gas and water, the connection between the various wells, the nature of the machinery, apparatus and. contrivances employed in the business, and the manner of operating the same and the effect thereof upon the waters and gases produced from the wells are all matters which have a material bearing on the question as to whether or not the operations of the respondent are reasonable with reference to the rights of others, and they are matters peculiarly within the knowledge of the respondent. The fact of injury to others by the respondent, if it be a fact, is an essential question in this litigation as bearing on the reasonableness of respondent's operations. Whether or not the burden of proof in the first instance rests on the respondent it cannot be doubted that both parties will largely direct their evidence to that feature of the case. In such a case the rule has no application that an examination will not be ordered as to matters which it is primarily the province of the opposing party to establish. In Schweinburg v. Altman, 131 App. Div. 795, 116 N. Y. Supp. 318, the cases were reviewed, and the court, recognizing the rule contended for by respondent, made the following distinction:

"Where a defense has been set up which, if established, and unanswered, would destroy the cause of action, if the plaintiff in his moving papers shows that he desires an examination of the defendant, not for the purpose of disclosing that defense which has already been disclosed by the answer, but to avoid it, then such evidence is material and necessary to the plaintiff's cause of action because without it that cause would be gone. Under such circumstances an examination may be had."

It is eminently proper, therefore, that the plaintiff should have an examination of the respondent.

It appears, however, that the respondent has made certain tests, observations, and experiments with a view to ascertaining the effect of its operations on the property of others for use upon the approaching trial of this action. The learned Attorney General in his affidavit states that he desires to prove such "tests, observations, and experiments by defendant upon the wells on its premises and upon adjoining premises for the purpose of ascertaining the connection if any which exists between said wells and the effect of the pumping of one upon another." The order of examination is so framed as to permit an examination concerning such tests, observations, and experiments, and in its present form would allow the appellant to ascertain the evidence on which the respondent relies. Such an examination is clearly improper. Lewis v. City of Buffalo, 115 App. Div. 735, 100 N. Y. Supp. 1052; Reusens v. Arkenburgh, 136 App. Div. 653, 121 N. Y. Supp. 353; Smyth v. Lichtenstein, 137 App. Div.

310, 122 N. Y. Supp. 73; Dudley v. New York Filter Manufacturing Co., 80 App. Div. 164, 80 N. Y. Supp. 529. It would be intolerable that a party should be obliged to disclose to his adversary his preparation for trial and the evidence discovered by him as the result of such preparation. The appellant should be allowed an examination as to any facts which may legitimately be used in establishing or perfecting its case, provided it does not pry into the evidence of the respondent or the experiments which it may have made for use on the trial.

The order appealed from should therefore be reversed without costs, and the order for examination modified, by including a provision that the respondent shall not be required to disclose any tests, observations, or experiments made solely with reference to the trial of this or other similar actions, nor any information acquired by it as the result of such tests, observations, or experiments. All concur.

HOUGHTON, J., not sitting.