SOUTHERN LEASING CO. v. LUDWIG, Superintendent of Buildings, et al.
(No. 7343.)

(Supreme Court, Appellate Division, First Department. May 21, 1915.)

1. MUNICIPAL CORPORATIONS ⬤⟿621—BUILDING PERMITS—EFFECT OF ORDINANCE—ADVERTISING SIGN.

The superintendent of buildings, in February, 1914, issued a permit to a company to reconstruct an 80-foot sky sign, so as to carry it to a height of 135 feet, and an ordinance, effective May, 1914, before the company had done anything under the permit, made it unlawful to erect a sky sign more than 75 feet high, or to alter an existing sign so as to carry it to a greater height. *Held*, in a taxpayer's action to restrain the superintendent from permitting the erection of the 135-foot sign, that its erection after May, 1914, was unlawful, and that it was the duty of the superintendent to prevent it, though Building Code, § 4, provides that approval issued by commissioner of buildings shall expire in a year.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1363–1369; Dec. Dig. ⬤⟿621.]

2. MUNICIPAL CORPORATIONS ⬤⟿993—BUILDING REGULATIONS—TAXPAYER'S ACTION.

Under General Municipal Law (Consol. Laws, c. 24) § 51, authorizing an action by any taxpayer against any municipal officer to prevent any illegal official act of such officer, a taxpayer suffering any special damage might maintain an action to enjoin the superintendent of public buildings from permitting the erection of a sky sign to a height forbidden by ordinance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2158–2161; Dec. Dig. ⬤⟿993.]

Ingraham, P. J., dissenting.

Appeal from Special Term, New York County.

Action by the Southern Leasing Company against Alfred Ludwig, Superintendent of Buildings, Borough of Manhattan, City of New York, the Mecca Realty Company, and the O. J. Gude Company. From an order denying a motion for an injunction pendente lite, plaintiff appeals. Order reversed, and motion for injunction granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Walter H. Bond, of New York City, for appellant.

John P. O'Brien, of New York City, for respondent superintendent of buildings.

Hector M. Hitchings, of New York City, for respondents Mecca Realty Co. and O. J. Gude Co.

SCOTT, J. This is a taxpayer's action to restrain the defendant Ludwig, superintendent of buildings of the borough of Manhattan, from permitting the erection of a sky sign. The defendant Mecca Realty Company is the lessee under a long-term lease of a large building on the northerly side of Forty-Eighth street, occupying the whole frontage between Seventh avenue and Broadway. It has maintained for some time upon the roof of said building a sky sign about 80 feet high. On February 17, 1914, the defendant Ludwig, as superintendent of buildings issued a permit to the Mecca Realty Company to reconstruct the sky sign, so as to carry it to a height of 135 feet, and it is conceded that at that time he had lawful authority, in his discretion, to authorize the erection of a sky·sign to that height. On May 29, 1914, before the Mecca Company had done anything under the aforesaid permit, an ordinance was signed by the mayor, and became effective, providing, among other things, as follows:

"Sec. 4. Roof sign structures not having a tight, closed or solid surface may be erected on fireproof buildings to a height *not exceeding seventy-five feet above the roof level*."

Section 6 provides that no roof structure shall be erected without a permit from the superintendent of buildings.

"Sec. 9. No existing * * * roof sign structure shall be enlarged, rebuilt, structurally altered or relocated unless it shall comply with the provisions of the ordinance."

"Sec. 12. Except as expressly hereinbefore provided in section 5 hereof, this ordinance shall have no retroactive effect."

Section 13 repeals all inconsistent or conflicting ordinances.

The Mecca Realty Company, on December 24, 1914, leased the privilege of erecting and maintaining the sign to the defendant O. J. Gude Company, and that company on December 29, 1914, gave out a contract for the necessary steel, and the work of construction was progressing when this action was begun.

[1] It is quite clear that the adoption of the ordinance on May 29, 1914, rendered it unlawful to erect thereafter the sign for which the superintendent of buildings had previously issued a permit, and it became the duty of the superintendent to take effective measures to prevent the construction of the sign. Whether he formally revoked his permit or not is perhaps of little consequence, since the passage of the ordinance had ipso facto invalidated it, for of course no permit issued by any officer could give authority for the erection of a structure forbidden by law. After the ordinance became effective it not only became unlawful to erect a sky sign more than 75 feet high, or to alter an existing sign so as to carry it to a greater height, but any structure thereafter erected in violation of the ordinance became an unlawful structure, and no permit from the superintendent of buildings, whether issued before or after May 29, 1914, could make it lawful. For purposes of control and supervision the law requires that before a

structure may be erected a permit must be obtained from the superintendent of buildings, but it is the law and not the permit which determines what structures may and may not be erected. So a structure erected in defiance of law is an unlawful structure, notwithstanding the superintendent may wrongfully have issued a permit for its erection. As a general rule a permit or license is revocable, except where the licensee had done something under the license from which the mere privilege would ripen into a vested right. This exception, it may be noted, does not apply where the act which operates as a revocation lies within the police power of the state. People ex rel. Campbell v. Brady, Law Journal, Aug. 17, 1892; City of New York v. Herdje, 68 App. Div. 370, 74 N. Y. Supp. 104. The question does not, properly speaking, arise in this case, because the Mecca Realty Company did not, in fact, attempt to avail itself of the permit for some seven months after the adoption of the ordinance and the consequent invalidation of the permit.

The defendants contend that the permit issued by the building superintendent was valid and effectual for a year after its issuance, notwithstanding the adoption of the ordinance above cited. This extraordinary contention is based upon a clause in section 4 of the Building Code, reading as follows:

"Any approval which may be issued by a commissioner of buildings pursuant to the provisions of this section, but under which no work is commenced within one year from the time of issuance, shall expire by limitation."

This clause by no means supports the argument which is attempted to be founded upon it. It simply places a limitation upon the period during which the approval of plans shall be effective, but by no means makes it irrevocable during that period. We are clearly of the opinion, therefore, that the erection of the sign in question after May 29, 1914, was unlawful, and that it was the duty of the defendant Ludwig, as superintendent of buildings, to prevent its erection.

[2] A more difficult question is whether, even under these circumstances, the plaintiff, merely as a taxpayer suffering no special damage, may maintain this action. The only statute upon which the right to sue can be predicated in a case like the present is section 51 of the General Municipal Law (chapter 24, Consolidated Laws), which authorizes an action by any taxpayer, qualified as prescribed by statute, against any officer, agent, commissioner, or other person, acting or who has acted for or on behalf of any municipal corporation, "to prevent any illegal official act on the part of any such officers, agents, commissioners or other persons, or to prevent waste or injury to, or to restore and make good any property, funds, or estate" of, such municipality.

We had occasion to examine this act with some care in Brill v. Miller, Supt., etc., 140 App. Div. 602, 125 N. Y. Supp. 865, wherein the application was to restrain the superintendent of buildings from approving plans for a building to be used as a theater. It was urged then, as it is urged now, that the act could not be availed of to prevent actions on the part of a public officer which were merely illegal, but did not threaten any material loss to the municipality or its property or funds. It was the opinion of the court, however:

"That the public has such a direct interest in the strict observance of the [Building] Code upon that subject [the construction of theaters] that a taxpayer may intervene under the statute to prevent a violation of the law, thus doing what the officers of the municipality ought themselves to do."

The same considerations which led us to issue an injunction to prevent the use of an illegal structure for a theater apply to the erection of sky signs. There is ample evidence in the moving papers that the erection of sky signs of inordinate size are likely to be a source of danger to the public, and it may well be assumed that it was in recognition of this fact that the board of aldermen adopted the ordinance of May 29, 1914. The same reasons, therefore, which justified our issuance of an injunction in Brill v. Miller, will justify the issuance of an injunction in this case. It would serve no good purpose to direct the superintendent of buildings to revoke the permit already issued, for, as already pointed out, that has been effectually, if indirectly, revoked by the ordinance cited. What we may do, however, is to restrain him from permitting the unlawful sky sign to be constructed, leaving it to him to carry out the injunction by the exercise of the ample power vested in him by law. We cannot doubt that, having been admonished that the structure is an unlawful one, he will take effective measures in the premises.

The order appealed from will therefore be reversed, with $10 costs and disbursements to appellant against the Mecca Realty Company and the O. J. Gude Company, and the motion for an injunction granted to the extent hereinbefore indicated. Settle order on notice.

McLAUGHLIN, LAUGHLIN, and CLARKE, JJ., concur.

INGRAHAM, P. J. (dissenting). I do not think that this action can be maintained, as the defendant the superintendent of buildings is not charged with being about to do an "illegal official act." He has already granted a license to construct this sign, and, as I understand the record, no further official action on his part is required. The action is sought to be sustained under section 51 of the General Municipal Law (Consol. Laws, c. 24), which authorizes a taxpayer to maintain an action against any officer, agent, commissioner, or other person, to prevent an illegal official act on the part of any such officer, agent, commissioner, or other person.

It seems to me, to justify an injunction under this provision, it must appear that the superintendent of buildings was about to commit an "illegal official act." What the plaintiff seeks is to compel the superintendent of buildings to revoke this license, and to accomplish this purpose it is proposed to restrain the superintendent of buildings from permitting this sign from being constructed. Assuming that it would be illegal for the licensee to construct the sign, it does not seem that the court, in a proceeding of this kind, should by injunction compel the superintendent of buildings to revoke the license or take other affirmative proceedings to enforce the ordinance. In Brill v. Miller, 140 App. Div. 602, 125 N. Y. Supp. 865, the injunction granted was to restrain the superintendent of buildings from doing an act, namely, approving certain plans for the erection of a building to be used for a

theater. There the illegal act was the approval of the plans, which was enjoined. No such question is presented in this case.

I am therefore in favor of affirming the order.

John P. O'Brien, of New York City, for respondent superintendent of buildings.

Hector M. Hitchings, of New York City, for respondents Mecca Realty Company and O. J. Gude Co.

