PEOPLE ex rel. PUBLICITY LEASING CO. v. LUDWIG, Superintendent of Buildings, et al.

(Supreme Court, Appellate Division, First Department. April 7, 1916.)

1. CONSTITUTIONAL LAW ⬳101—VESTED RIGHTS—BILLBOARDS.
    A permit issued to defendant to erect an advertising sign on a roof, not to exceed certain specified dimensions. Thereafter the city council, by ordinance, restricted the size and height of such billboards to a lower limit than that of the permit. The defendant had expended moneys in having plans made and in actual work upon the signboard contemplated, but had not built it to the specified height. After the passage of the ordinance, defendant assigned its right and sold its permit to the intervener. *Held,* that the acts and expenditures of the defendant were not such as to create a vested right, relieving its assignee from observance of the ordinance.
    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 209–211; Dec. Dig. ⬳101.]

2. MUNICIPAL CORPORATIONS ⬳602—POLICE POWERS—REGULATION OF BILL-BOARDS.
    An ordinance restricting the size and height of billboards, and the amount of solid space thereon which might be exposed, is within the power of the city council to enact, as a valid exercise of its police duties

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in the protection of the public, although its enactment revoked a permit previously granted, pursuant to which expenditures had been made.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. ☞602.]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of the Publicity Leasing Company, against Alfred Ludwig, as Superintendent of Buildings, and the Mecca Realty Company, in which the O. J. Gude Company intervened by permission. From an order denying an application for a peremptory writ, relator appeals, and moves that writ issue. Order reversed, and motion granted, with qualifications.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Walter H. Bond, of New York City, for appellant.

John F. O'Brien, of New York City, for respondent Ludwig.

Hector M. Hitchings, of New York City, for respondent O. J. Gude Co.

Jesse S. Epstein, of New York City, for respondent Mecca Realty Co.

DAVIS, J.  The Special Term of this court denied an application for a peremptory writ of mandamus requiring the superintendent of buildings to compel the removal of a certain sky sign on the roof of the Mecca Building, Forty-Eighth street, between Broadway and Seventh avenue, New York City. The O. J. Gude Company have intervened by permission. The Mecca Realty Company, being the lessee of the premises in question, on February 17, 1914, obtained a permit from the superintendent of buildings allowing the alteration of the sky sign referred to, so as to increase its height from 75 feet to 141 feet.

On May 29, 1914, the board of aldermen of the city of New York adopted an ordinance which provides as follows:

Section 3, subd. 2: "No roof sign structure having a tight, closed or solid surface shall be at any point over thirty-one feet above the roof level. Roof sign structures not having a tight, closed or solid surface may be erected upon fireproof buildings to a *height not exceeding seventy-five feet* above the roof level, and upon nonfireproof buildings to a height not exceeding fifty feet above the roof level, but the portions of such structures covered and exposed to wind pressure shall not exceed thirty-five per cent. of the total area."

Section 9: "*Alteration of Existing Sign Structures.*—No existing fence, sign, billboard or roof sign structure shall be enlarged, rebuilt, structurally altered or relocated unless or until it shall comply with the provision of this ordinance." ·

On December 24, 1914, the Mecca Realty Company sold its permit to the O. J. Gude Company, not having availed itself of its right under said permit. Subsequent to December 24, 1914, the O. J. Gude Company proceeded to act under the permit of February 17, 1914, and went so far as to increase the height of the sign from its then height of 75 feet to a height of 105 feet, when it was restrained by this court from proceeding any further. The sign remained at the height of about 105 feet until about January 31, 1916, when the O. J.

Gude Company resumed work on the sign and increased its height to about 130 feet; the injunction granted by the Appellate Division having been vacated by the Court of Appeals on May 21, 1915. The injunction referred to had been granted by the Appellate Division in a taxpayer's action between these same parties—i. e., the Publicity Leasing Company and Alfred Ludwig, superintendent of buildings—upon facts almost identical with those in the present case. A like injunction had been granted in an action brought by the Southern Leasing Company against the same defendant upon the same facts involving the same sign, and there was an appeal by permission to the Court of Appeals upon certified questions. The Court of Appeals reversed the order of the Appellate Division solely on the ground that a taxpayer's action was not the appropriate remedy, but that the right should be enforced by mandamus. See Southern Leasing Co. v. Ludwig, 217 N. Y. 100, 111 N. E. 470.

The question to be determined here is whether the Mecca Realty Company and the O. J. Gude Company may proceed under the permit of February 17, 1914, and enlarge, rebuild, and structurally alter the said roof sign, which on May 29, 1914, was 105 feet wide and 85 feet high, by increasing its height after January 31, 1916, to 136 feet, notwithstanding the passage of the ordinance of May 29, 1914. This court has already passed upon the merits of this question in the cases of Southern Leasing Co. v. Ludwig and Publicity Co. v. Ludwig, reported in 168 App. Div. 233, 153 N. Y. Supp. 545, and 168 App. Div. 239, 153 N. Y. Supp. 549, respectively. Justice Scott, writing for the court in those cases, said:

"After the ordinance became effective it not only became unlawful to erect a sky sign more than 75 feet high, or to alter an existing sign so as to carry it to a greater height, but any structure thereafter erected in violation of the ordinance became an unlawful structure, and no permit from the superintendent of buildings, whether issued before or after May 29, 1914, could make it lawful. * * * We are clearly of the opinion, therefore, that the erection of the sign in question after May 29, 1914, was unlawful, and that it was the duty of the defendant Ludwig, as superintendent of buildings, to prevent its erection."

But the defendants claim that in this proceeding they have shown additional facts, not before the court when it decided the other cases referred to above, and which show that they have vested rights which would be taken away if the relator prevailed in this proceeding.

[1] For instance, the Mecca Realty Company paid $400 to its architect for preliminary plans and specifications to be submitted to the building department on its application for the permit to increase the height of the sign. It also paid $900 prior to May 29, 1914, for advertising sign designs for submission to prospective advertisers and for soliciting advertisers, and immediately after getting the permit it paid $250 for taking down a part of the sign because, as then constructed, it was a violation of law, and for painting the part that remained. Obviously these expenditures were not such as to create any vested right which relieved them of the obligation to observe the provisions of the ordinance of May 29, 1914. On the record before us it appears quite clear that the Mecca Realty Company did nothing

to exercise the privilege granted by the permit until December 24, 1914, seven months after the adoption of the ordinance, when it leased the roof space to the defendant O. J. Gude Company, and transferred to it the permit in question.

[2] Moreover this ordinance was passed in the exercise of the police power of the municipality. Its object was the protection of the public against the grave dangers necessarily incident to the maintenance of these enormous roof signs. As was said in the Case of the Southern Leasing Company and the Publicity Leasing Company, supra:

"There is ample evidence in the moving papers that the erection of sky signs of inordinate size is likely to be a source of danger to the public, and it may well be assumed that it was in recognition of this fact that the board of aldermen adopted the ordinance of May 29, 1914."

See People ex rel. Van Buren & N. Y. B. P. Co. v. Miller, 161 App. Div. 138, 144, 146 N. Y. Supp. 403; People ex rel. Wineburgh Adv. Co. v. Murphy, 195 N. Y. 126, 136, 88 N. E. 17, 21 L. R. A. (N. S.) 735.

We think it was quite within the power of the board of aldermen to pass this ordinance, even though its effect was to revoke the permit of the defendants, and notwithstanding the expenditures made by the defendants. City of New York v. Herdje, 68 App. Div. 370, 74 N. Y. Supp. 104.

The order appealed from is reversed, with $10 costs and disbursements, and the motion of the relator is granted, to the extent of allowing a mandamus to issue requiring the defendant Alfred Ludwig, as superintendent of buildings, to proceed with the removal of so much of the roof sign in question as now exists in violation of the ordinance of May 29, 1914, with $50 costs. Settle order on notice. All concur.