THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SEYMOUR P. STANTON, Appellant.

County Court, Nassau County, June 17, 1925.

Crimes — violation of zoning ordinance — ordinance regulated storage of automobiles and parts outside garage — defendant's garage was erected and in use before zoning ordinance was adopted — ordinance is invalid as to garages existing at time of adoption — conviction reversed — failure to prove adoption of ordinance ground for reversal.

The conviction of the defendant for violating paragraph C of section 8 of zoning ordinance No. 11, of the village of Malverne, which provides that automobiles or parts thereof when stored outside of a garage must be kept at least sixty feet from the street and screened from view, must be reversed, since it appears that the defendant's garage was erected and in use prior to adoption of the ordinance, and, therefore, the defendant had a vested right, which could not be taken away from him by the adoption of the ordinance.

The failure of the prosecution to prove the adoption of the ordinance is also a ground for reversal.

APPEAL from a judgment of conviction rendered on March 9, 1925, by the Police Court of the village of Malverne, Nassau county.

*Hooley & Wilson*, for the appellant.

*Charles R. Weeks, District Attorney*, for the respondent.

SMITH, J.:

The defendant was convicted of a violation of ordinance No. 11 of the zoning ordinances of the village of Malverne, Nassau county. Section 8, paragraph " C " of said ordinance provides as follows: " Where cars, parts or implements are stored outside of a garage, they shall be kept at least sixty feet from the street upon which the building fronts and shall be suitably and adequately screened from all streets permitting a view thereof."

The ordinance in question appears to have been adopted on January 17, 1924. The defendant acquired the property upon which it is claimed the violation of the said ordinance occurred in 1921 and erected thereon a garage in the same year, at a cost of some $20,000.

The record shows that the property was acquired for the specific purpose of erecting thereon a garage and for the purpose of conducting a general garage business.

From the time the garage was completed in 1921 down to 1925 it appears the defendant has continuously used and occupied the property in question as a garage, keeping some of the automobiles inside and some outside of the garage.

In other words, the defendant had long previous to the adoption of the ordinance invested capital, set up a business and conducted the same upon the premises in question. The evidence does not indicate that the defendant has made any different use of the property since the adoption of the ordinance than he did before.

There can be no doubt, I think, about the authority of the village to control by granting permits for any business affecting the health, comfort and safety of the inhabitants of the village. (*People ex rel. Lodes* v. *Dept. of Health of N. Y.*, 189 N. Y. 187; *Southern Leasing Co.* v. *Ludwig*, 168 App. Div. 233; *People ex rel. Publicity Leasing Co.* v. *Ludwig*, 172 id. 71.)

In this case, however, it is not claimed that any question as to public health, morals, comfort or safety is involved, and it clearly appears that before the ordinance in question was adopted the defendant had acquired vested rights in the property in question, and, therefore, to sustain the ordinance would be to deprive the defendant of the free use and enjoyment of his property.

Courts have repeatedly held that as to one who has acquired vested rights in property the municipality is without power to take

away such rights by ordinance, especially so when public health, morals, safety and comfort of the inhabitants are not involved. (*City of Buffalo* v. *Chadeayne*, 134 N. Y. 163; *People ex rel. Evens* v. *Kleinert*, 201 App. Div. 751; *Willerup* v. *Village of Hempstead*, 120 Misc. 485; *Dobbins* v. *Los Angeles*, 195 U. S. 223; *Matter of Fuller* v. *Schwab*, 124 Misc. 659; *Matter of Collins* v. *Moore*, 125 id. 777, Cropsey, J.)

I am, therefore, of the opinion that the ordinance in question is void as to this defendant.

Another objection to the judgment of conviction is that the adoption of the ordinance was not properly proven at the trial. This objection I am convinced is well founded as no proof was offered as to manner of adoption; in fact the record is barren of any proof relative to adoption upon which the validity of the ordinance could be predicated. This failure of proof is sufficient to warrant a reversal. (*People* v. *Chapman*, 88 Misc. 469; *People* v. *Bell*, 148 N. Y. Supp. 753.)

For the reasons above stated the judgment of conviction is reversed and fine remitted.