THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of FRED KETCHER, Respondent, *v.* POMPILIO MIANO, Appellant.

First Department, December 18, 1931.

*Abraham M. Schwartz*, for the appellant.

*Charles E. Ramsgate* of counsel [*S. S. Lippman* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the respondent.

SHERMAN, J. Defendant was convicted in the Municipal Term of the Court of Special Sessions of a violation of section 3 of article 2 of the Building Zone Resolution of the City of New York, in that he maintained a blacksmith shop in a residence district.

Defendant, over sixty years of age, had been a blacksmith during his active life. That was his sole vocation. Towards the end of December, 1915, he acquired title to the premises on Holland avenue, Bronx, twenty-five feet in width by ninety-five feet in depth. He erected a building in the rear of that lot and equipped it with two horse stalls, an anvil, a forge and other tools. There he shod horses, sharpened tools and continued to do other blacksmithing work. These activities, initiated prior to the adoption of the Zoning Resolution on July 25, 1916, have been continued.

Toward the end of January, 1916, defendant filed plans for a three-story brick structure in the front part of these premises with an arched entrance designed to afford access through that building to the blacksmith shop in the rear. It also contained a residence for defendant and his family in the floors above. A certificate of occupancy issued in August, 1916, permitted its use as a dwelling

and shop and referred to the rear building as a stable. Without any interruption defendant for years used these buildings for his residence and in the conduct of his blacksmithing and tool business. The frame building later became dilapidated and defendant accordingly sought to replace it in 1929 with a brick structure. After the application therefor had been filed, the building department inspector examined the premises, which were then equipped with blacksmith's tools and appliances, at which men were working in that trade.

In the application to rebuild this rear structure it was described as then occupied as a " tool house, frame building," and as to be occupied after completion of alterations as " tool house, brick building." It also referred to " affidavits as to occupancy of premises continuously from before 1916 as blacksmith shop."

In reliance upon the department's approval of this application, the new building was completed by defendant and was used uninterruptedly for about eight months as a blacksmith shop, at which time the building department demanded the discontinuance of that use. Upon defendant's non-compliance, the information herein was filed.

Convincing testimony showed that defendant and his architect practiced no deception and intended to advise the building department of the true proposed continued use of the premises for a tool and blacksmith shop. The undisturbed presence of the forges and equipment and the permanent arched entrance from the street through the brick edifice to their site, as now housed in the new brick building in the rear of the lot, made this all the more manifest.

Under the circumstances disclosed in the proof, the conviction cannot be sustained, for under the express language of the Building Zone Resolution, defendant had the right to continue to use the premises for the blacksmithing business which he had been conducting when the resolution itself was passed.

The judgment appealed from should be reversed and the information dismissed.

FINCH, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Judgment reversed and the information dismissed.