Cortland A. Johnson, J.
Proceeding under article 78 of the Civil Practice Act to review a determination of the Board of Standards and Appeals of the City of New York, upholding the revocation by the borough superintendent, department of housing and buildings, of the approval theretofore granted upon an alteration application.
*568 The premises in question are located on the southwest corner of Furman Avenue and 79th Street, Middle Village, Queens, having a frontage of approximately 432 feet on 79th Street, 100 feet on Furman Avenue, and an irregular depth approximating 150 feet. Upon this plot the petitioner, and other corporations or members of the family owning such corporations, have, since prior to 1900, carried on the business of producing, bottling and distributing milk. The premises are a portion of a farm at one time owned by the family, whose members still control the corporate petitioner.
There are a number of buildings upon the premises used in this business, two of which are a cow barn, and a building used in the past for pasteurizing, bottling and distributing milk. The petitioner desires to discontinue the stabling of cows on the premises, and the application here involved is for an alteration of the cow barn, for the purpose of converting that building into a pasteurizing, bottling and distributing plant.
The department of housing and buildings issued a permit for this alteration, which approval was thereafter revoked by the borough superintendent, on the ground that the proposed alteration constituted a change from one nonconforming use to another nonconforming use, in violation of the City Building Zone Ordinance. This decision of the borough superintendent has been affirmed by the Board of Standards and Appeals, which action of that board is here presented for review.
The fact that the petitioner’s predecessor in title made an application to the Board of Standards and Appeals for a variance, upon the denial of a previous alteration application, does not determine this proceeding. If, as petitioner claims, it has a vested right to the use of the whole premises involved, for the purpose contemplated by the alteration application filed in this proceeding, that right was not affected by a previous application for a variance. The assumption adopted by the owner at the time of the previous application, that the proposed use of the premises required the granting of the variance, may well have been erroneous and ill-considered, and clearly operates as no waiver or renunciation of any right with which the premises have theretofore been vested (Kaufman v. City of Glen Cove, 180 Misc. 349, affd. 266 App. Div. 870; McCory v. Langdon, 269 App. Div. 701).
The petitioner bases its argument in support of the present application upon the unchallenged fact that in 1920, the superintendent of buildings for the Borough of Queens issued to the petitioner’s predecessor in title a certificate of occupancy, for premises described as being located on Juniper Swamp Boad, *569 at the southwest corner of Furman Avenue, unquestionably the premises involved in this proceeding. This document certifies that the Existing Building situated on the premises has been found upon inspection in good, safe condition; that no notices of violation or other notices or orders are pending in the bureau of buildings, and grants permission for occupancy for specified purposes. (The capitalization and underlining of the words “ Existing Building ” appear in the printed form of the certificate.) The “building” is described in the certificate as “Stores — 1. Classification — Cow Barn — Milk Bottling & Distributing Station. Construction — Brick. First Floor. Occupancy — Factory. ’ ’
This certificate, an official act of the borough superintendent of buildings, at an early period in the history of zoning regulation in this city, is of formidable weight by reason of the provision of subdivision g of section 646 of the City Charter, which reads as follows: ‘ ‘ Every certificate of occupancy shall, unless and until set aside or vacated by the board of standards and appeals or a court of competent jurisdiction, be and remain binding and conclusive upon all agencies and officers of the city, and shall be binding and conclusive upon the department of labor of the state of New York, as to all matters therein set forth, and no order, direction or requirement at variance therewith shall be made or issued by any agency or officer of the city, nor by the department of labor of the state of New York, or any commission, board, officer or member thereof.”
The object of this certificate was to define the rights existing at the time of the adoption of the Building Zone Ordinance, and the petitioner is entitled to every benefit enumerated by the statute, as flowing from its issuance. Particularly is this true where those rights are attacked, a generation after their vesting, by persons who themselves have no knowledge of the extent of such rights, but have settled in the community in the face of the conditions of which they now complain.
In the court’s opinion, the certificate of occupancy referred to establishes the petitioner’s right to use the entire premises in question for the purpose therein described, on the ground that the premises as a whole had been devoted to that nonconforming use at the time of the adoption of the Building Zone Ordinance.
The court is not concerned in this proceeding with the extent of the alteration proposed. Subdivision (a) of section 6 of the Zoning Resolution purports to prohibit a structural alteration greater than 50% of the value of the building, exclusive of foundations, even if there is no change in the extent of the non *570 conforming use. Assuming this to be a valid statute, its enforcement may be left to the proper department, and is not involved at this stage of the proceeding.
A claim has been asserted that the petitioner, or its predecessor in title, abandoned the right to its nonconforming use of these premises. It appears from the record that any discontinuance of the use was made necessary either by conditions arising from the war, or by the regulations of other city departments,, under which circumstances it cannot be regarded as a voluntary abandonment. (Matter of 440 East 102nd St. Corp. v. Murdock, 285 N. Y. 298; Navin v. Early, 56 N. Y. S. 2d 346.)
For all these reasons, the court has reached the conclusion that the motion to dismiss the order of certiorari must be denied, and a final order made annulling the determination of the Board of Standards and Appeals heretofore mentioned. This determination does not extend to the vacant parcel of land more recently purchased by the petitioner, which is not vested with the same character.
Proceed on notice.