Van Voobhis, J.
(dissenting). This appeal involves a gasoline service station on part of a triangular area forming an island between the intersection of three streets in the village of Mount Kisco. The gasoline station fronts upon two of these streets. It has been used for a gasoline station since 1928. The owner desires to modernize this antiquated filling station, by replacing the original building 16 by 20 feet in dimensions with a modern building 45 by 30 feet, on the same land, with rest rooms and two lubritorium bays for inside lube work. It now has no -rest rooms and only an outside lift for changing oil and lubrication.- The owner also has applied to substitute three new pump islands for the two old-style pump islands to be removed. The identical land area is proposed to be used for the same purposes to which it has been devoted for 29 years. The only change is that the old, outmoded structures are to be replaced with an up-to-date building and appliances to serve the increased demand arising from the larger number of automobiles now in use. The renovated premises would be better looking, would conform to present day standards and would be preferred by the neighbors, judging from the circumstance that none of the people who appeared at the public hearing objected to the issuance of this permit and many spoke in favor of it. Although similar modernization permits have been granted to competitors in the vicinity, permission has been denied to appellants to do likewise. The granting of permission to others similarly situated in the face of denial to appellants is not a legal basis for objection, to be sure, but appellants have a vested right in the *49 prior use of the subject property for a gasoline station of which they could not be deprived by the adoption of the zoning amendment in 1945. That was done 17 years after this service station had been built and had gone into operation. In People v. Miller (304 N. Y. 105, 107) it was said: “ It is the law of this state that nonconforming uses or structures, in existence when a zoning ordinance is enacted, are, as a general rule, constitutionally protected and will be permitted to continue, notwithstanding the contrary provisions of the ordinance. (See People ex rel. Ortenberg v. Bales, 250 N. Y. 598; Matter of Caponi v. Walsh, 228 App. Div. 86; New York State Investing Co. v. Brady, 214 App. Div. 592; Matter of Pelham View Apts. v. Switzer, 130 Misc. 545; People v. Stanton, 125 Misc. 215; cf. City of Buffalo v. Chadeayne, 134 N. Y. 163; see, also, Jones v. City of Los Angeles, supra, 211 Cal. 304; Amereihn v. Kotras, 194 Md. 591; Adams v. Kalamazoo Ice & Fuel Co., 245 Mich. 261 ; Rathkopf, The Law of Zoning and Planning [2d ed., 1949], § 26, p. 296 et seq.) ”.
If this permit were issued, it is argued that appellants would be allowed to enlarge their prior use which is said to be forbidden. Such reasoning under the circumstances of this case seems to me to be without substance. Where enlargement changes the character of the business it is forbidden, but not all enlargements are within the proscribed category. Enlargement of an existing nonconforming use was permitted as a property right in Town of Somers v. Camarco (308 N. Y. 537) where it was held that a town could not constitutionally restrict a producer of sand and gravel from the use of parcels of land consisting of 27 acres and 28 acres for the production of sand and gravel, although only a comparatively small portion of the total acreage had been excavated when the zoning ordinance was adopted. In seeking to modernize this small service station, the owner was neither changing the use to which it had been devoted nor enlarging the area upon which such use was to be conducted. Appellants were merely conditioning it for current modern use, and adapting it to accommodate the increased business which the greater number of automobiles on the highways has brought to every gasoline service station. There is a constant urge driving planners and officials of municipalities to undermine the rule of law permitting the con *50 tinuance of -pre-existing uses, and to confiscate them under the guise of the police power. Zoning is designed for future development, however, and has little to do with changing the past development of municipalities. Redevelopment or rehabilitation projects differ from zoning, in that existing buildings and uses are taken for public purposes on payment of just compensation. An existing use or building cannot be appropriated to a public use without compensation under the zoning laws, unless the municipality confiscates the property obtaining something for nothing. It is idle to argue that appellants’ gasoline filling station is allowed to be continued but not to be . modernized or enlarged upon the same property, since requiring a business to be conducted in 1958 under the obsolete procedures of 1928 is to destroy it. Growth and development are the life of industry and trade, nor can anyone continue in business if he is to be relegated to antiquated facilities and outworn equipment. Business cannot remain static. A business man cannot afford to undergo the risk that his volume of trade will shrink without the chance of profiting* in his volume increases. An adjudication that a business man may continue a prior use if he fails but not if he succeeds destroys the prior use. This court recognized and made room for this circumstance in People v. Perkins (282 N. Y. 329, 330) where it was said in an unanimous Per Curiam opinion: “ The business which the defendant conducted and which has been found violative of the ordinance is the same business in character as that conducted by the defendant before the ordinance was adopted. To be sure the business has increased in volume. He buys and sells considerably more than he did before 1924. He has added the sale of some novelties, consisting of pottery and wooden lawn ornaments. He has made use of the space on the lot on which his house is built. In essence, the business is the same. We find no evidence in the record to justify the finding that the defendant was doing more than continuing the permitted non-conforming use.”
That is what petitioners are seeking to do here. The courts have had to deal before this with zoning questions involving the repair or replacement of dilapidated, destroyed or obsolete buildings for uses prohibited at the time when reconstruction is undertaken. In People (Complaint of Ketcher) v. Miano (234 App. Div. 94) it was held that notwithstanding a subse *51 quently enacted zoning ordinance a frame building used as a blacksmith shop could be replaced with a brick structure, in order to continue the conduct of the owner’s “ blacksmithing and tool business ” as a continuance of the prior use of blacksmithing. In Matter of Empire City Racing Assn. v. City of Yonkers (132 Misc. 816) it was held that where property had been used as a race track at the time of the adoption of a zoning ordinance which placed it in a residential zone, and such use had not been abandoned, the owner was entitled to a permit to build new barns in place of some which had been destroyed by ñre, even if they were to be placed upon different sites from the ones which were destroyed but within the boundaries of the race track. It was held at the Queens County Special Term in Matter of Furman Ave. Realty Corp. v. Board of Standards & Appeals (9 Misc 2d 566) that the conversion of a cow barn into a pasteurizing, bottling and distributing plant was within a prior use where these purposes had been served to some extent upon the subject property. In Incorporated Vil. of North Hornell v. Rauber (181 Misc. 546) a sawmill was allowed to be reconstructed after having been partially destroyed by fire, notwithstanding that in the meantime a zoning ordinance was enacted that purported to prohibit it. In Amero v. Board of Appeals of Gloucester (283 Mass. 45) the Supreme Judicial Court of Massachusetts held that adding another pump to a gasoline station might be found to come within the prior use.
When this gasoline filling station was constructed in 1928 it was not possible to install the equipment of 1958 for changing oil and lubricating motor vehicles, or supplying gasoline, nor was it customary as it is today to provide rest rooms for the convenience of customers. Now it is impossible to conduct a gasoline station without equipment and facilities of this nature. The enlargement of this obsolete, dilapidated structure is merely to accommodate the performance of inside lube work and to provide for rest rooms. Lubrication work used to be done outdoors; now oil is changed and autos are lubricated indoors. Naturally more automobiles are serviced than was true in 1928, or the proprietor would be out of business. Denial of the permit by the Zoning Board of Appeals of the Village is merely an indirect way to confiscate this pre-existing nonconforming use. If a building can be replaced or remodeled when *52 it is burned or becomes dilapidated, the same reasons dictate that it must be allowed to be reconstructed if it has become obsolete (Matter of 440 E. 102nd St. Corp. v. Murdock, 285 N. Y. 298, 304).
Confiscation of a prior nonconforming use by denial of this permit is the principal ground for granting this petition, although petitioners have also made the point that practical difficulties and unnecessary hardship are involved as matter of law. That point is also well taken,' in my view, for the reason that the subject parcel is on an island in the midst of three busy streets isolated from sidewalks. The idea that it could be utilized for store or office purposes is fanciful, since it can only be reached on foot by jaywalkers. Its lack of value for any purpose but a gasoline station is uncontradicted by substantial testimony of any real estate experts. This is not a self-inflicted hardship due to the circumstance that the owner himself blocked off access by pedestrians by disposing of the land to the north for bowling alleys. These bowling alleys were constructed before 1945, and at a time when petitioners could have modernized this service station without being blocked by this zoning ordinance, as their competitors have since done by the favorable dispensation of the Zoning Board of Appeals.
The order appealed from should be reversed and the petition granted.
Judges Desmond, Dye, Fuld, Froessel and Burke concur with Chief Judge Conway ; Judge Van Voorhis dissents in an opinion.
Order affirmed.