In the Matter of the Accounting of JOSEPH POLIZZO, as Committee of the Estate of MINNIE POLIZZO, an Incompetent. HARRISON B. WRIGHT, Individually and as Executor of JOSEPH POLIZZO, Deceased, Appellant; GRACE W. TYMANN, as Administratrix of the Estate of MINNIE POLIZZO, Deceased, et al., Respondents. — Proceeding by the executor of Joseph Polizzo, as committee of the estate of Minnie Polizzo, his wife, an incompetent person, to settle the final account of said committee. It appears that prior to her marriage Minnie Polizzo was the sole owner of a certain mortgage in the principal sum of $20,000. In 1917, after her marriage, she caused this mortgage to be assigned, through an intermediary, to " Joseph Polizzo [her husband] and Amelia Anna Polizzo, his wife [herself] * * * to have and to hold * * * and to the[ir] successors, legal representatives the survivor, such survivor's heirs, assigns ". In 1928, she was admitted to Kings Park State Hospital, and in 1945, her husband was appointed her committee. In 1947, for a valuable consideration, the husband assigned to Harrison B. Wright, who subsequently became the executor of his estate, " all of my right, title and interest, being a one-half share or interest therein, of, in and to " the mortgage in question. Thereafter, the husband predeceased the wife. The order judicially settling the final account of said deceased committee adjudged that the husband had only received a right of survivorship in the mortgage and, having predeceased the wife, no interest passed to his assignee (Wright) under his assignment. Wright appeals, individually and as executor of the husband. Order modified on the law as indicated herein and, as so modified, unanimously affirmed, with costs to all parties filing briefs, payable out of the estate, and matter remitted to the Special Term for the entry of an order not inconsistent herewith. The findings of fact are affirmed. The assignment to the husband and wife, by its terms, created a joint tenancy in the mortgage (Real Property Law, § 66; *Matter of Kimberly*, 150 N. Y. 90; *Matter of Blumenthal*, 236 N. Y. 448), whereunder each owned an undivided one-half interest therein (*Matter of McKelway*, 221 N. Y. 15, 19). Said tenancy was terminated by the husband's assignment of his interest to Wright, whereby the latter and said wife became tenants in common (*Matter of Suter*,

258 N. Y. 104, 106; *Matter of McKelway, supra*). As for the unpaid balance of the consideration for said assignment to Wright, that remains to be accounted for in the husband's estate. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Murphy, JJ.