John D. Bennett, S.
The administratrix for the estate of the decedent’s wife objects to the account of the executor.
The chief ground of objection (objections 1, 2, 3 and 6) pertains to the transfer by the decedent during his lifetime of a one-half interest in a bond and mortgage which were held by the decedent and his wife as joint tenants. This one-half interest was assigned to the present executor individually at a time when the decedent’s wife was incompetent, and the decedent was acting as her committee.
In a prior proceeding instituted in the Supreme Court, the administratrix of the decedent’s wife’s estate sought to have the assignment of the one-half interest in the mortgage set aside on the ground, among others, that the interest of the decedent was only that of survivorship, and that therefore he did not have any interest in the mortgage to transfer. The New York Court of Appeals (308 N. Y. 517), held that the decedent and his wife were joint tenants and that the decedent could and did transfer a one-half interest in the mortgage.
The objectant on the hearing in this proceeding has requested this court to disaffirm the transaction, and has tendered back the consideration paid by the executor. The facts upon which the objectant seeks to disaffirm the transaction, were brought out in the proceeding previously instituted in the Supreme Court, discussed in the appeal to the Appellate Division (284 App. Div. 812) and again in the appeal to the Court of Appeals. *189 In her argument in the Court of Appeals, the objectant contended that the decedent’s transaction deprived his incompetent wife of her survivorship interest in the mortgage at the time when he was acting as her committee, and that the record established that the wife had paid the full consideration for the purchase of the mortgage. Her brief in that court under the heading “ Questions Presented” raised two questions, one of which was the following: “ 1. Where an undivided mortgage is in the name of a husband and an incompetent wife may her committee husband to support himself, assign one-half thereof to his attorney, who has notice of the incompetency and the source of the mortgage without application to the Court pursuant to Section 1356 et. seq. of the Civil Practice Act.” Excerpts from her brief relating to this issue are significant: “ When Joseph Polizzo, the husband and committee of the incompetent, assigned a one-half interest in the bond and mortgage to Harrison B. Wright without applying to the Court for instructions and permissions, he acted contrary to the interests of the incompetent in that she was deprived of any opportunity to show to the Court that his interest was solely one of survivorship since her funds were the sole source of the chose in action. If proper application had been made, the Court would have appointed a Special Guardian who would have investigated the rights of the incompetent and presented them to the Court which would have properly safeguarded them. * * * The property of an incompetent is in custodia legis and any transfer thereof to a purchaser with notice is voidable. * * * In addition to being the committee of Minnie Polizzo, Joseph Polizzo was her husband and as such owed her a further obligation to see that her interests were protected. * * * It is respectfully submitted that under the unusual circumstances involved in this case, if Joseph Polizzo had any interest in the bond and mortgage, an action should have been brought to have it partitioned by a court of equity prior to the purported assignment of one-half interest by Joseph Polizzo. * * * To allow the committee to assign his wife’s one-half of this bond and mortgage at a time when reason had been overthrown and she had become so unfortunate as to be unable to protect herself would be contrary to the safeguards set up by law to protect the helpless. * * * The above rule clearly shows that the estate of the incompetent was not fully protected when her husband transferred one-half of the mortgage without application to the courts for permission.”
Further discussion on this issue is unnecessary. Suffice it to say that these are the same arguments presented in this pro *190 ceeding to support a theory of disaffirmance. In the face of such arguments the Appellate Division held (284 App. Div. 812-813): “ The assignment to the husband and wife, by its terms, created a joint tenancy in the mortgage * * *. Said tenancy was terminated by the husband’s assignment of his interest to Wright, whereby the latter and said wife became tenants in common * * *. As for the unpaid balance of the consideration for said assignment to Wright, that remains to be accounted for in the husband’s estate.” (Italics supplied.) The Court of Appeals affirmed the order of the Appellate Division. Under all the circumstances the arguments urged now to disaffirm the transaction must fail. The determinations of the Court of Appeals and of the Appellate Division that the decedent owned a one-half interest in the mortgage which he was entitled to transfer, are conclusive upon this court at this time on this issue.
The executor is required to pay to this estate the balance of consideration due for the mortgage interest assigned. The executor has established that the consideration for the transfer was $8,500 and that there is due from him to the estate a balance of principal in the sum of $4,368.42, with interest to be determined in the restated account hereinafter referred to.
It appears that the mortgage in question has been sold and that the proceeds thereof have been held by the attorney for the estate of the decedent’s wife, subject to the joint signature of that attorney and of the executor herein and pursuant to stipulation, to be distributed upon the determination of the Court of Appeals in the action referred to above. Such distribution should now be made.
The objOctant has apparently asserted a claim against the estate in the nature of an objection to the account. This claim has been amended on the hearing to $46.40 and pertains to a payment made to the State Tax Commission. There have been no estate tax proceedings in this estate and the same should be concluded. Until such time, it cannot be determined whether the claim of $46.40 can be allowed.
Objection No. 5 relates to a claim made by J. Louis Laiola. This claim has been established and the objection is dismissed.
Objection No. 4 pertains to the fixing of the legal fees of the attorney for the estate. These services are not itemized, nor is the amount of the fee set forth. The attorney for the estate will submit an affidavit of services showing the amount of attorney’s fees requested. The objectant will notify the court whether she wishes to object to that fee and, if so, whether a hearing is requested.
*191 It will be necessary for the executor to restate the account. This should be done upon completion of the necessary steps referred to in this opinion.
Proceed accordingly.