Howard T. Hogan, J,
This is a proceeding brought under article 78 of the Civil Practice Act for an order directing the respondents to hold a public hearing on petitioner’s application for a permit to install tanks for the storage of inflammable materials on his property located on the southwest corner of Maple Street and Port Washington Boulevard, Port Washington, Town of North Hempstead.
The premises are located in a business “A” district, in which, it is alleged, the Building Zone Ordinance provides that an automobile service station is a permitted use if compliance is made with the following conditions:
1. It shall not be located within 200 feet of a public school, public library, church, hospital or orphanage, nor within 40 feet of any residence district.
2. All major repairs to motor vehicles must be made within a building, and
3. If inflammable materials are to be stored, a permit must be obtained from the Town Board in accordance with the provisions of the ordinance for storage of inflammable materials.
It is also provided that no permit for the construction of an automobile service station may issue until the aforesaid permit for the storage of combustible materials has been obtained.
Petitioner, in the belief that his property met the first two conditions, applied for a permit in accordance with the inflammable materials ordinance. Upon such application and the payment of the prescribed fee, it was incumbent upon the Town Board to fix a date for a public hearing, and upon the Town Clerk to publish a notice of hearing in a newspaper designated by the Town Board, as provided by section 3.c of said ordinance.
Such a hearing was held on February 25, 1958, at which time the petitioner presented the consents of 1,232 residents of Port Washington to the granting of his application. Three persons appeared in opposition — a doctor whose office was nearby, his wife, and the owner of another gasoline service station located on the opposite side of Port Washington Boulevard. The latter’s. *104 chief concern appeared to be that increased competition would result if the permit were granted.
Following the hearing, after a short recess, one of the members of the board moved that the application be denied on the ground that the designated newspaper had failed to publish the notice of hearing. (It is not revealed when the omission was discovered.) The motion was carried by a unanimous vote, and the clerk returned the petitioner’s application fee to him. The latter returned the fee immediately with the request that another hearing date be set. On March 21, 1958 the Town Clerk sent the money back with a letter stating that: “ The Town Board feels that they have denied this application under date of July 25th, 1955, and that there are no changes in circumstances warranting a reconsideration.”
It appears that this objection was not raised at the hearing of February 25, 1958, nor was it mentioned in the decision of that date, but, rather, that it was an afterthought. Certainly, the petitioner should have been afforded an opportunity to point out the changes which had taken place since 1955, and to introduce such evidence as might be material.
When the Town Board reserves to itself the power to issue a permit for the storage of inflammable materials, sets specific requirements which must be met as a condition, and provides for a public hearing, it is acting in an administrative or quasi-judicial capacity. Its determinations are reviewable (Matter of Frantellizzi v. Herman, 1 A D 2d 980). Granted that the hearing of February 25,1958 was of no effect by reason of the Town Clerk’s error in failing to insure the publication of the legal notice, the Town Board has still made a quasi-judicial determination which is subject to review — i.e., that there are no changes in circumstances warranting a reconsideration. That determination was made without holding a hearing for the reception of testimony and other evidence on the point (which, according to the petitioner, was then available).
While it is true that an article 78 proceeding will not lie to compel a legislative body to act in a particular manner or to hold a public hearing in connection with an application for a zoning change (see decision of Mr. Justice Eager in Matter of Porpora v. Keating, 13 Misc 2d 488), no legislative function is here involved. This petitioner is entitled to be heard preliminarily on the question of changes in circumstances since Ms prior application. If the board then judges that such changes are insufficient to warrant a new hearing it need go no further, but a record must be made of the proof upon wMch such determination is based, since it is subject to review.
*105 If administrative officers or boards may, upon the receipt of an application for a rehearing, arbitrarily and finally decree without the reception of evidence that no new circumstances warranting a rehearing had arisen, despite the intervention of a substantial period of time, then the petitioner is denied a fair trial.
The Court of Appeals has stated that: “ The hearing held by an administrative tribunal acting in a judicial or quasi-judicial capacity may be more or less informal. Technical rules of evidence and procedure may be disregarded. Nevertheless, no essential element of a fair trial can be dispensed with unless waived. That means, among other things, that the party whose rights are being determined must be fully apprised of the claims of the opposing party and of the evidence to be considered, and must be given the opportunity .to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal ”. (Matter of Hecht v. Monaghan, 307 N. Y. 461, 470.)
This court holds that these respondents acted in an administrative capacity, that there is some evidence to indicate a change in petitioner’s circumstances since the hearing of 1955, that he was not afforded the opportunity to present such proof or to meet the objections raised by the respondents, and that the denial of such opportunity by the respondents violated a substantial right of the petitioner. Accordingly, the respondents will be directed to hold another hearing at which they may determine preliminarily, upon the evidence then recorded, whether there has been such a change of circumstances as would warrant a new consideration of petitioner’s application for a permit, following which determination they may close the hearing or proceed, as indicated. Under the circumstances, respondents ’ affirmative defense of the Statute of Limitations need not be considered at this time.