Bernard S. Meyer, J.
In 1955 petitioner herein applied for a permit for gasoline storage tanks under the Town of North Hempstead Ordinance governing the storage of inflammable materials. The petition was denied, and no proceeding for review of that determination was begun. On December 12, 1957 petitioner applied for a similar permit for the same property. The permit was denied without hearing. On review Mr. Justice Hogan held that the board was required to hold a hearing to determine whether or not there had been a change of circumstances sufficient to warrant the board’s reconsideration of the application (14 Misc 2d 102) and on appeal this determination was affirmed (8 A D 2d 823). On December *1024 15, 1959 the required hearing was held, and this proceeding is brought to review the board’s determination that “no change of a substantial nature has occurred in the vicinity warranting a reconsideration ” and its decision “ that no further hearing be held. ”
A preliminary question was raised by respondent board’s motion made orally on the return day to strike paragraphs 5 and 6 of petitioner’s reply. Petitioner consented to the striking of paragraph 6, but insists upon its right to present to the court (as it has attempted through paragraph 5 to do) verbatim minutes, rather than the board minutes in narrative form which constitute part of respondents’ return. Respondent rightly contends that it is not required to make its minutes a verbatim report of the hearing and the court agrees that it may not be required to do so. However, section 1292 of the Civil Practice Act specifically provides that petitioner may dispute “ the accuracy or completeness of the transcript of the record of proceedings annexed to the answer ” and that his reply “ may be accompanied by affidavits or other written proof.” The reporter who took the stenographic minutes, as a person present at the hearing, is competent to testify concerning what was said at the hearing (McRorie v. Monroe, 203 N. Y. 426; Richardson, Law of Evidence [8th ed.] § 280). While his transcript is not in affidavit form, it would appear that it may be received as “ other written proof,” and in any event respondent has not objected to its receipt on the basis of its form, but rather on the ground that the board’s minutes must be accepted. The motion to strike paragraph 5 and the transcript is, therefore, denied.
On review of the papers and accompanying documents including the transcript, however, the court concludes that the petition must be dismissed. The board’s determination of the 1955 application is determinative of this application unless there has been a change of circumstances. (Matter of Caper v. Parker, 271 App. Div. 839.) Whether there has been a sufficient change to give the board power to consider a new application is primarily for the determination of the board in the first instance (Ellsworth Realty Co. v. Kramer, 268 App. Div. 824). The court cannot say, as a matter of law, that the facts presented at the hearing of December 15, 1959 require new or further consideration of the application. The discretion of the board not having been shown to have been arbitrarily exercised, this court may not set aside the board’s determination.
Settle order on notice, reciting the stenographic transcript as one of the documents considered.