John D. Bennett, S.
This is a motion by the attorney for the administratrix of the estate, to be made a party to this proceeding individually for the purpose of an appeal; to fix his *588 bond on such appeal; to direct the administratrix to deposit certain moneys into court by payment to the County Treasurer and to reduce the bond of the administratrix upon making such deposit.
To understand the purpose of the unusual relief sought by this motion, it is necessary to review briefly the lengthy litigation which has transpired in this matter.
During the latter portions of her lifetime, Minnie Polizzo was an incompetent and her husband was her committee. The husband claimed an interest in a mortgage which he assigned to his attorney in payment of a fee. On his accounting as committee, the question was raised as to whether that interest in a mortgage belonged to the assignee-attorney or to the incompetent. The Supreme Court of the State of New York, by Mr. Justice Peter M. Daly, determined that the interest in the mortgage belonged to the incompetent and by order dated October 29, 1952, directed repayment to the committee of the incompetent.
The assignee-attorney made the payment as directed to the attorney for the substituted committee, the husband being then deceased, and took an appeal from the order. On July 7, 1954, the Appellate Division, Second Department, modified the order of Mr. Justice Daly (284 App. Div. 812). The committee took a further appeal and the Court of Appeals on May 26, 1955, affirmed the Appellate Division by a vote of 4 to 3 (308 N. Y. 517). Eeargument was denied July 8, 1955 (309 N. Y. 754). Subsequently an application was made for a writ of certiorari to the United States Supreme Court and such writ was denied on December 5, 1955 (sub nom. Tymann v. Wright, 350 U. S. 911).
In September of 1955, the administratrix of this estate paid out to the distributees of the deceased over $10,000. On April 21,1958, a final order was made by the New York Supreme Court settling the account of the first committee of the incompetent and directing a payment by the successor committee to the assignee-attorney of the sum of $1,647.94 as a refund of the payment made. It also directed this administratrix to pay the sum of $1,250 as a fee and $132.65 as disbursements for services rendered by the attorney for the first committee. Costs were taxed at $632.67. The account of the successor committee was settled by order of June 10, 1958, which order also directed the successor committee to refund to the assignee-attorney the sum of $1,647.94 with interest, to the extent the successor committee had funds to pay the same; the administratrix of this estate to pay any balance.
*589 On July 28,1958, the successor committee paid to the assigneeattorney the sum of $1,363.42 as a partial refund of the $1,647.94.
On March 9, 1959, the administratrix herein filed her account and petitioned for its settlement. Such account revealed a balance on hand of $4,247.29 which included a partial refund of money paid distributees in September, 1955. Such account listed claims presented by the assignee-attorney for the balance of the refund, fee, disbursements and costs amounting to $2,299.84. The assignee-attorney filed objections to the account on the grounds that this item failed to include interest, which according to his calculation, amounted to $618.25 as of May 11, 1960. He also objected to the form of setting up the account and to the listing of his claim along with others, payable pro rata after the expenses of the estate. In this accounting the administratrix sought commissions amounting to $650.72 and the attorney for the estate requested an additional fee of $1,200 and disbursements of $50 which, if allowed, would leave insufficient funds to pay the claims in full.
The matter came on for a hearing before this court on April 20, 1960, at which hearing testimony was taken.
The contention of the attorney for the estate, as understood by the court, is that the payment to the estate by the assigneeattorney was made pursuant to a then effective order of the Supreme Court; that the administratrix was under a duty to receive such funds and to defend the order directing such payment on the appeal to the Appellate Division. He further asserts that the appeal by the estate to the Court of Appeals was proper and justified by the uncertain state of the law, as indicated by the fact that that court was divided 4 to 3 in its decision. The application of a writ of certiorari is not included in the services for which the attorney for the administratrix seeks a fee in the accounting.
This court recognizes that the attorney for the estate has done a tremendous amount of work and that the defense of the appeal to the Appellate Division was necessary and the appeal to the Court of Appeals was justified. This work is a proper item to consider in fixing his fee payable from the estate, as well as the amount involved, and the results obtained. However, the question presented is what is the ‘ ‘ estate ’ ’ from which this fee can be paid.
The form of the accounting presented treats the amount received from the assignee-attorney as a refund, as a part of the receipts of the estate, subject to commissions and legal fees. The decision of the Appellate Division as affirmed by the Court of Appeals holds that such moneys were never properly *590 a part of the estate and should not have been ordered paid to the estate. Therefore it is only the balance of the funds of the committee of the incompetent, after this repayment of the refund and all other expenses of the committee proceeding including attorney’s fees, disbursements and costs that constitute the estate. Under the theory advanced by the attorney for the administratrix, the money improperly paid into the estate would be subject to commissions and his fee. With this reasoning, the court cannot agree.
By its decision of May 27, 1960, this court set forth its determination that the items listed, being claims arising out of the incompetency proceeding totaling $3,195.93 plus interest (which calculated to May 11, 1960 amounted to $618.25), must be paid from the moneys in the hands of the administratrix before commissions and attorney’s fees may be paid in the accounting proceeding. The amount available would therefore be less than $500 and continually diminishing because of interest. As pointed out in the decision of May 27, 1960, the court is unable at this point to determine commissions and attorney’s fees as it cannot ascertain what funds will be available for such payments until the reimbursement of the incompetency proceeding items has been made.
The administratrix appears content at this time to accept the decision of the court, but the attorney for the estate feels that the court is in error and desires to appeal. While his fee has not been fixed as yet in any definite amount, he is aggrieved by the decision and the order thereon inasmuch as he has the right to apply for a fee payable from the estate and this decision of May 27, 1960 and the order thereon dated June 20, 1960 reduce the size of the estate available to pay such fee.
The motion of the attorney for the petitioner will be granted. The attorney for the petitioner will be permitted to appear individually as a party in this proceeding for the purposes of appeal. The bond to be furnished by him on appeal is fixed in the sum of $2,000 as requested by petitioner. The administratrix will be permitted as requested by her to pay to the County Treasurer the moneys now in her hands, such payment being a payment into court pursuant to section 229 of the Surrogate’s Court Act, and her bond will then be reduced to $1,000.