▇    In the Matter of the Accounting of AGNES W. TYMANN, as Administratrix of the Estate of AMELIA A. POLIZZO, Also Known as MINNIE POLIZZO, Deceased. WILLIAM B. HOFFMAN, Appellant; HARRISON B. WRIGHT, Individually and as Executor of JOSEPH POLIZZO, Deceased, et al., Respondents.— In a proceeding to settle the account of the administratrix, her attorney individually appeals from an order of the Surrogate's Court, Nassau County, dated June 20, 1960, which directed the administratrix to pay certain claims (arising out of an incompetency proceeding) prior to the payment of said attorney's fees for services rendered in the administration of the estate and prior to the payment of commissions to the administratrix. Appeal dismissed, without costs. By the Surrogate's decision of August 12, 1960, and his order of September 13, 1960, the attorney for the administratrix was made a party to this proceeding for the purpose of an appeal. It appears, however, that the notice of appeal herein was served and filed in July, 1960 — before the attorney (appellant), individually, was permitted to intervene in this proceeding. Such notice was therefore ineffectual. We have considered the merits, however, and would affirm the order dated June 20, 1960, if we did not dismiss this appeal. Nolan, P. J., Ughetta, Christ, Pette and Brennan, JJ., concur. [25 Misc 2d 587.]

▇    In the Matter of JOHN F. SHIELDS, Appellant, v. CLINTON G. MARTIN et al., Constituting the Town Board of the Town of North Hempstead, Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act, the petitioner appeals from an order of the Supreme Court, Nassau County, dated February 25, 1960, dismissing upon the merits the petition to annul the respondent Town Board's determination which denied petitioner's application for a permit to install underground storage gasoline tanks. In 1955 the Town Board had denied a previous, similar application. The board found that there had been no change of circumstances sufficient to warrant reconsideration. At Special Term it was held that petitioner had failed to show that the board's determination was arbitrary or capricious. Order affirmed, with costs. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur. [21 Misc 2d 1023.]

▇    WILLIAM E. KENNEDY, Plaintiff, v. WESTWOOD TRANSP. CO. et al., Defendants. WESTWOOD TRANSPORTATION, Third-Party Plaintiff-Respondent, v. FIRESTONE TIRE & RUBBER CO., INC., Third-Party Defendant-Appellant.— In a negligence action by a bus passenger to recover damages for personal injuries, in which defendant Westwood Transp. Co., the bus owner, served a third-party complaint against Firestone Tire & Rubber Co., Inc., its supplier of bus tires, Firestone appeals from an order of the Supreme Court, Queens County, dated January 26, 1961, denying its motion to dismiss the third-party complaint. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.