4    In the Matter of WILLIAM S. (ANONYMOUS), Appellant. In the Matter of STEVEN S. (ANONYMOUS), Appellant. — Two orders of the Family Court, Kings County, dated June 12, 1967, separately adjudicating appellants as delinquent, and two orders of the same court, dated July 20, 1967, separately imposing on each appellant a 12-month suspended sentence, reversed, on the law, and matters remanded to the Family Court for further proceedings consistent with the decision herein. No findings of fact have been considered on these appeals. It is clear from the record that appellants were not accorded their rights under the governing statute (Family Ct. Act, § 741, subd. [a]) or applicable decisions (*Matter of Gault*, 387 U. S. 1; *Miranda* v. *Arizona*, 384 U. S. 436; *Matter of Gregory W.*, 19 N Y 2d 55; *Matter of William L.*, 29 A D 2d 182). The matters are therefore remanded for *de novo* proceedings in which appellants· are to be accorded their rights under the law. Christ, Acting P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.

■    In the Matter of HENRY R. DITTMER, Respondent, v. ARTHUR R. SILS-DORF, as Mayor of the Incorporated Village of Ocean Beach, et al., Appellants.— In a proceeding pursuant to CPLR article 78 *inter alia* to compel the issuance of a building permit, the appeal is from a judgment of the Supreme Court, Suffolk County, entered February 15, 1968, which denied appellants' motion to dismiss the petition and remanded the matter to the appellant Board of Appeals for a hearing. Judgment affirmed, with costs. If the facts alleged in the petition be true, petitioner would be entitled to the relief requested (*Matter of Mandalay Constr.* v. *Eccleston*, 9 A D 2d 918; cf. *Matter of Bexson* v. *Board of Zoning & Appeals of Town of Hempstead*, 28 A D 2d 848, 849, affd. 21 N Y 2d 961; *Kilfeather* v. *Town Bd. of Town of Hempstead*, 43 Misc 2d 328, 330). As indicated by Special Term, the identity or lack of it between the instant application and the prior application cannot be determined on this record. The Board of Appeals may determine that question preliminarily and either (1) close· the hearing after stating on the record its findings and conclusions as to the identity of the two applications or (2) proceed to determine the application on its merits (*Matter of Shields* v. *Sahm*, 14 Misc 2d 102, affd. 8 A D 2d 823). Beldock, P. J., Christ, Rabin, Benjamin and Martuscello, JJ., concur.