In the Matter of the Application of NICOLA CAPONI and Others, Appellants, against WILLIAM E. WALSH and Others, Constituting the Board of Standards and Appeals, and Others, Respondents.

Second Department, January 10, 1930.

*Franklin M. Tomlin*, for the appellants.

*J. Irving Weissman*, for the respondent Proc Building Corporation.

KAPPER, J. The respondent Proc Building Corporation is the owner of premises at the southeasterly corner of Thirteenth avenue and Sixty-fifth street, Brooklyn, on which it sought to erect a gasoline service station. The petitioners are adjoining and neighboring property owners. They object to the erection of said gasoline station upon the ground that on June 12, 1925, the Zoning Law, as contained in the New York City Building Zone Resolution, was amended to provide that in a business district — and the property in question is in such a district — no buildings or premises shall be used, and no building shall be erected which is arranged, intended or designed to be used for a gasoline service station.

The first apparent activity purposing erection of such a gasoline station was in July, 1928, when the then owner, Israel B. Miller, filed plans and applied for a permit for the erection of a building in connection with such a station, and such plans were approved by the Superintendent of Buildings and a permit was also obtained, the latter on July 12, 1928, from the fire department authorizing the sale of combustibles and inflammable materials on said premises in connection with the operation and maintenance of such a station. On July 18, 1928, Miller amended his application to the building department by adding the erection of a gasoline service station to the office and greasing pit which the first application specified, and said amended application was approved by the superintendent of buildings.

The petitioners appealed to the board of standards and appeals for a revocation of the permits. Following this appeal, both the fire department and the superintendent of buildings revoked their permits. Thereupon, and on October 2, 1928, the petitioners' appeal to the board of standards and appeals was withdrawn, the purpose they sought being accomplished by the revocation of the permits. Following such withdrawal Miller appealed to the board of standards and appeals to obtain a cancellation or rescission of the revocation of the permits. No notice of such appeal was given to the petitioners. Hearings were had before the board of standards and appeals, and while there was an appearance for the applicant, there was none for the petitioners, these hearings being three in number, and a decision was rendered on December 11, 1928, rescinding and annulling the action of the fire department and superintendent of buildings in revoking said permits.

It appears that on January 9, 1929, Miller conveyed the property to the corporate respondent. Thereupon the corporate respondent further amended the plans and on February 13, 1929, the superintendent of buildings approved the same. The first knowledge conveyed to the petitioners of the rescission of the revocation of the permits was on February 12, 1929, when work on the erection of the gasoline service station was begun, whereupon, and on February 23, 1929, petitioners applied to the board of standards and appeals to reopen the appeal which had been decided in their absence and without notice to them, the ground of such application being that the proof submitted by the respondent, as appellant before the board, was false in fact. The petitioners were given leave to present their claims, and all parties being represented, a public hearing was had on April 23, 1929, at which time the board adhered to its decision of December 11, 1928, by which the permits were reinstated by rescission or annulment of their revocation.

It is the claim of the respondent that the determination of the board of standards and appeals was correct because the property owner, predecessor of the respondent corporation, had a vested right to carry on a gasoline service station on this property by reason of having, in 1924, placed upon the property four gasoline tanks ordinarily utilized in the business of a gasoline service station. It was upon that precise ground that the board of standards and appeals reached the conclusion to which they came. The application was not for a *variance* to permit a non-conforming use in a restricted use district upon the ground of " practical difficulties or unnecessary hardships " as prescribed by the zoning laws. (New York City Building Zone Resolution, § 21.) In a case of variance, the courts have given a reasonably wide latitude to the board of

standards and appeals when the board acted in the exercise of discretion and it could fairly be concluded that the discretion was not abused. (*People ex rel. Werner* v. *Walsh*, 212 App. Div. 635; *Matter of Goldenberg* v. *Walsh*, dissenting opinion by McAvoy, J., 215 id. 400, and which dissent the Court of Appeals approved, 242 N. Y. 576; *Matter of Boyd* v. *Walsh*, 217 App. Div. 461; *Matter of Stillman* v. *Board of Standards and Appeals*, 222 id. 19; *Matter of 4372 Broadway Corp.* v. *Board of S. & A.*, 225 id. 97, 99; *People ex rel. Fordham M. R. Church* v. *Walsh*, 244 N. Y. 280.) Cases involving the right to continue construction where the zoning laws had been amended so as to prohibit former lawful uses, rest upon an entirely different basis when work of a substantial character had been commenced prior to such amendment. A right then arises to go ahead with the work and to compel, even by mandamus, the cancellation of a revocation of a permit attempted because the zone use had been changed pending the progress of the work. (*People ex rel. Ortenberg* v. *Bales*, 224 App. Div. 87; affd., 250 N. Y. 598.) Where, however, no work has been commenced, the change in zoning use becomes binding upon the property owner despite a *contemplated* use which conformed with the zoning before amendment. (*Matter of Fox Lane Corporation* v. *Mann*, 216 App. Div. 813; affd., 243 N. Y. 550.)

Such was the issue presented here to the board of standards and appeals upon the various hearings and the rehearing. The respondent corporation claimed that work not only had been begun in 1924 by the location upon the land of four 550-gallon gasoline tanks, but that a permit from the fire department was actually issued at that time. It was established, in so far as any fact could be established on such hearings, that there was no public record of any such permit having been granted. On the other hand, an affidavit of an inspector in the fire prevention bureau avers the installation in August, 1924, of these gasoline tanks, but that the records had " probably been mislaid." The statements, or " evidence " as it is sometimes called when referring to these hearings before the board of standards and appeals, were numerous enough to support the claim that there was no proof of a public record of the existence of a permit to do what is claimed to have been done in 1924. Moreover, there is grave doubt of the truth of the claim that the property owner did install the gasoline tanks or did anything by way of construction in 1924, there being also before the board of standards and appeals an affidavit of one claiming to be the then owner of the property, which ownership, such owner says, was not parted with by her until January, 1926. This alleged owner further stated that at no time had she made

an application for the construction of a gasoline station or for the installation of gasoline tanks, and that no such thing occurred upon her property. There is no contradiction of this owner's assertion of ownership.

It is, therefore, evident that the board of standards and appeals did not have before it a case for the exercise of discretion. Either a devotion of the property to the maintenance of a gasoline service station existed prior to the amendment of 1925 to the zoning laws or such was not the fact at all.

The learned Special Term justice, in dismissing the order of certiorari, was of the opinion that the board of standards and appeals had made a ruling on a question of fact in determining that there had been a prior use of the premises. In my opinion, the case required a hearing and determination by the Special Term upon common-law proof. Full power is vested in the Supreme Court to take proof in such a case that a " proper disposition of the matter " may be made. (Greater N. Y. Charter, § 719-a, subd. 4, as amd. by N. Y. Local Laws of 1925, No. 13, § 6.) Before the board of standards and appeals witnesses are not under oath, and their statements do not have to comply with the technical requirements applicable to testimony in court. (*People ex rel. Fordham M. R. Church* v. *Walsh, supra,* 287.) That view obtained where the application was for a variance because of alleged practical difficulties or unnecessary hardships. As already indicated, a ruling by the board of standards and appeals of the existence or non-existence of an alleged vested right is not a finality, because the determination does not rest in discretion.

The claim is made by the respondent corporation that this proceeding was not taken by the petitioners within thirty days after the determination of the board of standards and appeals as provided by section 719-a, subdivision 1, of the Greater New York Charter (as amd. *supra*). A final determination of the board, adhering to its former decision, after the petitioners had been given notice and an opportunity to be heard, was made April 23, 1929; and the application for the order of certiorari, together with the granting of such an order, was made on May 4, 1929. The determination of December 11, 1928, of which the petitioners had no notice, was not the determination to be reviewed, but the review was based upon the decision of April 23, 1929, after the petitioners had been given a hearing.

I advise that the order dissolving the order of certiorari, which denied the application of the petitioners for a review of the determination of the board of standards and appeals and the taking of evidence upon the issue of fact by the Special Term, be reversed

upon the law and the facts, and that the matter be remitted to the Special Term to proceed in accordance with the views hereinabove expressed, costs to abide the event.

LAZANSKY, P. J., YOUNG, HAGARTY and CARSWELL, JJ., concur.

Order denying petitioners' motion to review determination of board of standards and appeals and dissolving certiorari order reversed upon the law and the facts and matter remitted to the Special Term to proceed in accordance with opinion, costs to abide the event.