The People of the State of New York, Respondent, v. John F. Miller, Appellant.

Argued March 4, 1952; decided April 23, 1952.

*Dennis M. Breen, Jr.,* for appellant. I. If before the zoning ordinance was adopted the property was used for a lawful purpose which is prohibited thereby, the owner has acquired a vested right to such use, and he may not be deprived thereof by the ordinance. (*Matter of Great South Bay Marine Corp.* v. *Norton,* 272 App. Div. 1069; *Sokol* v. *Village of Hempstead,* 85 N. Y. S. 2d 619; *Village of Mill Neck* v. *Nolan,* 233 App. Div. 248, 259 N. Y. 596; *Matter of Collins* v. *Moore,* 125 Misc. 777; *Hinman* v. *Clarke,* 193 N. Y. 640; *Willerup* v. *Village of Hempstead,* 120 Misc. 485.) II. This case is not governed by the case of *Barkmann* v. *Town of Hempstead* (268 App. Div. 785, affd. 294 N. Y. 805). (*Matter of Hoffman* v. *Murdock,* 185 Misc. 486; *Kraushaar* v. *Zion,* 188 Misc. 851; *Matter of Romig* v. *Weld,* 194 Misc. 783, 276 App. Div. 514.)

*Frank A. Gulotta, District Attorney (Philip Huntington* of counsel), for respondent. Defendant was properly convicted. (*Barkmann* v. *Town of Hempstead,* 268 App. Div. 785, 294 N. Y. 805.)

Fuld, J. Defendant keeps pigeons as a hobby, and since 1945 has harbored them on his property, located in a residential area of the Town of North Hempstead. In 1947, the town's Building Zone Ordinance was amended to outlaw such a use of property in a residential, business or commercial zone: "In any use district", Article XV, section 155.5, provides, "no premises may be used or occupied and no structure may be erected or

maintained for the harboring of pigeons, swine, goats, rabbits or foxes, minks, skunks or other similar furbearing animals, except when authorized by the Board of Appeals '' under the provisions of another section.[1] The prototype of that regulation, enacted by a neighboring town, had previously been upheld by us as proper and reasonable zoning, a valid exercise of the police power. (See *Barkmann* v. *Town of Hempstead*, 294 N. Y. 805, affg. 268 App. Div. 785.)

Defendant was convicted in 1951 of a violation of the ordinance, and he appeals, urging that his pre-existing use of the premises for harboring pigeons rendered the regulation unenforcible against him. The argument lacks force; conviction was proper. While enforcement may perhaps be sustained on the ground that the ordinance is in truth a nuisance regulation, aimed at noxious and offensive uses of property (see, e.g., *Hadacheck* v. *Los Angeles*, 239 U. S. 394; *Reinman* v. *Little Rock*, 237 U. S. 171; *Adamec* v. *Post*, 273 N. Y. 250; *Matter of McIntosh* v. *Johnson*, 211 N. Y. 265; *Barkmann* v. *Town of Hempstead*, *supra*, 268 App. Div. 785, affd. 294 N. Y. 805; see, also, *Jones* v. *City of Los Angeles*, 211 Cal. 304, 316), we need not concern ourselves with that possibility, since, putting aside the element of nuisance, defendant's nonconforming use was not of such a character as to protect it from the application of a zoning measure.

It is the law of this state that nonconforming uses or structures, in existence when a zoning ordinance is enacted, are, as a general rule, constitutionally protected and will be permitted to continue, notwithstanding the contrary provisions of the ordinance. (See *People ex rel. Ortenberg* v. *Bales*, 250 N. Y. 598; *Matter of Caponi* v. *Walsh*, 228 App. Div. 86; *New York State Investing Co.* v. *Brady*, 214 App. Div. 592; *Matter of Pelham View Apts.* v. *Switzer*, 130 Misc. 545; *People* v. *Stanton*, 125 Misc. 215; cf. *City of Buffalo* v. *Chadeayne*, 134 N. Y. 163; see, also, *Jones* v. *City of Los Angeles, supra*, 211 Cal. 304; *Amereihn* v. *Kotras*, 194 Md. 591; *Adams* v. *Kalamazoo Ice & Fuel Co.*, 245 Mich. 261; Rathkopf, The Law of Zoning and

---

1. By that other section (Art. XVII, § 174.2), the Board is empowered to issue " temporary and conditional permits for a period not to exceed two (2) years for structures, buildings and uses in undeveloped sections of the Town, as determined by the Board, in contravention of the requirements of this Ordinance."

Planning [2d ed., 1949], § 26, p. 296 *et seq.*) The decisions are sometimes put on the ground that the owner has secured a " vested right " in the particular use — which is but another way of saying that the property interest affected by the particular ordinance is too substantial to justify its deprivation in light of the objectives to be achieved by enforcement of the provision. (Cf. Note, 41 Harv. L. Rev. 667; Note, 39 Yale L. J. 735, 740.) Every zoning regulation, because it affects property already owned by individuals at the time of its enactment, effects some curtailment of " vested " rights, either by restricting prospective uses or by prohibiting the continuation of existing uses. A regulation of the latter variety, however, almost always imposes substantial loss and hardship upon the individual property owner — a loss much greater than that sustained by reason of a prospective use restriction only — and that factor underlies the rule that we are discussing. The destruction of substantial businesses or structures developed or built prior to the adoption of a zoning ordinance is not deemed to be balanced or justified by the advantage to the public, in terms of more complete and effective zoning, accruing from the cessation of such uses. (Cf. Noel, Retroactive Zoning and Nuisances, 41 Col. L. Rev. 457, 458–459; Bassett, Zoning [1940], p. 112.)

That being the rationale of our decisions, it follows, and the cases so hold, that the enforcement of a zoning regulation against a prior nonconforming use will be sustained where the resulting loss to the owner is relatively slight and insubstantial. (See *People* v. *Kesbec, Inc.,* 281 N. Y. 785, motion for reargument denied 282 N. Y. 676; *People* v. *Wolfe,* 272 N. Y. 608, motion for reargument denied 273 N. Y. 498; *Rice* v. *Van Vranken,* 255 N. Y. 541, affg. 225 App. Div. 179; *Matter of Fox Lane Corp.* v. *Mann,* 243 N. Y. 550, affg. 216 App. Div. 813; *People ex rel. Rosevale Realty Co.* v. *Kleinert,* 237 N. Y. 580; *Matter of Caponi* v. *Walsh, supra,* 228 App. Div. 86.) This rule has been invoked, for example, in cases where work upon a building has been begun, pursuant to a valid building permit, prior to adoption of a zoning provision barring use of the property for a structure of that sort. In the *Fox Lane* case (*supra,* 216 App. Div. 813), we affirmed a holding that the particular " expenditures made and obligations incurred by the respondent in reliance upon the

permit in question were insufficient to give it a vested right to erect the building in question in violation of the amendment [of the zoning ordinance]." Only " when work of a substantial character had been commenced prior to such amendment ", and enforcement would, therefore, cause serious loss to the owner, will the regulation be declared inoperative as affecting " vested rights." (*Matter of Caponi* v. *Walsh, supra,* 228 App. Div. 86, 89; see, also, *People ex rel. Ortenberg* v. *Bales, supra,* 250 N. Y. 598.) The *Wolfe* (272 N. Y. 608) and *Kesbec* (281 N. Y. 785) cases illustrate another application of the rule. An amendment to the New York City Building Zone Resolution prohibited the use of buildings or premises in business districts for the parking of more than five vehicles. Two property owners were convicted of violating this regulation, although their parking lots had been in operation before its adoption. The court, sustaining the convictions, upheld the applicability of the regulation as to defendants on the ground that they had made little or no investment in improving their properties prior to its passage. (See, also, *Matter of Boardwalk & Seashore Corp.* v. *Murdock,* 286 N. Y. 494, 498; cf. *Bazinsky* v. *Kesbec, Inc.,* 259 App. Div. 467, affd. on other grounds 286 N. Y. 655.)

In this state, then, existing nonconforming uses will be permitted to continue, despite the enactment of a prohibitory zoning ordinance, if, and only if, enforcement of the ordinance would, by rendering valueless substantial improvements or businesses built up over the years, cause serious financial harm to the property owner. This rule, with its emphasis upon pecuniary and economic loss, is clearly inapplicable to a purely incidental use of property for recreational or amusement purposes only. Such an inconsequential use as that here involved — the harboring of pigeons as a hobby — does not amount to a " vested right ", and " Depriving [defendant] of this pastime does not affect substantially [his] property rights  *  *  *  in the use of the premises, which are otherwise undisturbed and unimpaired." (*Barkmann* v. *Town of Hempstead, supra,* 268 App. Div. 785, affd. 294 N. Y. 805.)

The judgment should be affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FROESSEL, JJ., concur.

Judgment affirmed.