In the Matter of Francis A. Rogers et al., Petitioners, against Building Department of the City of New York, Respondent.

Supreme Court, Special Term, Queens County, August 31, 1955.

*Avrutis & Zizmor* for petitioners.

*Peter Campbell Brown, Corporation Counsel (Milton Mollen* and *Daniel Z. Nelson* of counsel), for respondent.

Pette, J. Petitioners seek relief by way of a peremptory order directing the building department of the City of New York, as well as the commissioner thereof, to issue a certificate of occupancy for a one-family house, premises known as No. 164-17 Goethals Avenue, Jamaica, County of Queens, City of New York.

The borough superintendent of the building department, Borough of Queens, interposed an answer to the petition which sets forth several defenses in opposition to the relief sought by the petitioners.

The facts may be stated briefly as follows: (a) that in the latter part of June, 1948, the petitioners filed plans and specifications with the borough superintendent of buildings in the Borough of Queens in connection with the erection of a proposed one-family house at the stated address; (b) such application was duly approved on July 7, 1948; (c) that on or about February 7, 1949, the city zone maps were amended changing the area in question from a " D " to a " G-1 " zone, the effect of which was to restrict any portion of a building to be erected nearer than fifteen feet to the street line of any street as laid out on the city map; (d) that prior to said amendment, petitioners had commenced construction of the aforesaid building in the year 1948, together with two identical buildings adjacent thereto; (e) that on or about May 1, 1950, an amendment was filed with the borough superintendent of buildings of Queens, and approved several days later, authorizing a change in the construction of said house; (f) that on or about May 28, 1951, an application was made by the petitioners for a certificate of occupancy, which was denied; (g) that one of the chief issues involved in denying the application was the construction of a roof over the existing front terrace, as an alleged violation of the provisions of the zoning resolution which related to a " G-1 " zone.

After deliberation upon the factual situation and pertinent principles of law and equity herein, this court is of the opinion that petitioners' application should be granted in all respects.

Petitioners sufficiently established a claim of vested rights in their construction of premises No. 164-17 Goethals Avenue, Jamaica, County of Queens, pursuant to duly filed and duly approved plans and specifications.

As clearly stated by the Court of Appeals in the recent case of *People* v. *Miller* (304 N. Y. 105, 107): " It is the law of this state that *nonconforming uses or structures, in existence when a zoning ordinance is enacted, are, as a general rule, constitutionally protected and will be permitted to continue, notwithstanding the contrary provisions of the ordinance.* (Emphasis supplied.) (See *People ex rel. Ortenberg* v. *Bales,* 250 N. Y. 598; *Matter of Caponi* v. *Walsh,* 228 App. Div. 86; *New York State Investing Co.* v. *Brady,* 214 App. Div. 592; *Matter of Pelham View Apts.* v. *Switzer,* 130 Misc. 545; *People* v. *Stanton,* 125 Misc. 215; cf. *City of Buffalo* v. *Chadeayne,* 134 N. Y. 163; see, also, *Jones* v. *City of Los Angeles,* 211 Cal. 304; *Amereihn* v. *Kotras,* 194 Md. 591; *Adams* v. *Kalamazoo Ice & Fuel Co.,* 245 Mich. 261) ".

These decisions are generally predicated upon the ground that the petitioner-owner has secured a " vested " right and that the change in the ordinance, after construction under prior authorization by municipal authorities, is too substantial to justify its deprivation in light of the objectives to be achieved by enforcement of its basic principles of justice in a given situation.

Enforcement of the subsequent change in zoning from a " D " area to a " G-1 " area imposes substantial loss and hardship upon the petitioners, who built *prior* to the adoption of the amendment.

Following the rationale of the leading authorities cited in this opinion (*supra*) it follows that the enforcement of the amended zoning regulation from " D " to " G-1 " against a prior nonconforming use, will be sustained only where the resulting loss to the owner is slight and insubstantial. (*People* v. *Kesbec,* 281 N. Y. 785; *People* v. *Wolfe,* 272 N. Y. 608; *Rice* v. *Van Vranken,* 255 N. Y. 541; *Matter of Fox Lane Corp.* v. *Mann,* 243 N. Y. 550; *People ex rel. Rosevale Realty Co.* v. *Kleinert,* 237 N. Y. 580.) This is not the case before this court wherein there is ample evidence of substantial " vested " rights, deprivation of which might result in serious loss and hardship to petitioners. (*Matter of Caponi* v. *Walsh,* 228 App. Div. 86.)

Submit order.