■ In the Matter of CHESTER BORNSCHEUER, Respondent, against JOSEPH S. CORBETT et al., Constituting the Board of Zoning Appeals of the Town of Brookhaven, Suffolk County, et al., Appellants.— Appeal from an order which directed that the application to the appellant Board of Zoning Appeals for a variance be remitted to the said board for the purpose of holding another hearing and to permit the said board to determine the correctness of a certain ruling of the appellant building inspector. Order reversed, with $10 costs and disbursements, and proceeding dismissed, without costs. Section 408 of the Building Zone Ordinance of the Town of Brookhaven, which limits the height of fences that may be erected on side-lot lines in the " B " residence district to 6 feet along the portion which is to the rear of the rear-foundation line of the dwelling and to 4 feet with respect to the frontyard line, was first enacted in 1954. It is admitted in the petition that thereafter, and on July 15, 1957, the respondent erected a wood fence of a height of 6 feet along the entire length of one of the side-lot lines of his property in this district. About a month later the appellant building inspector informed the respondent that no permit for the construction of the fence had been issued, and that a permit could not have been issued for a fence of such height, in view of the said provision of the ordinance. Respondent then applied to the appellant board for a variance. At the hearing 'upon the application, no evidence was adduced of a nature which would support the granting of

a variance, but it was claimed that the fence had taken the place of a previous 12-foot-high hedge and a 5-foot-high wire fence, and that the reason for the maintenance of the fence was to afford more privacy to the respondent and his family. It is alleged in the petition that the hedge and wire fence had been in existence on this lot line for a period of years prior to the enactment of said ordinance provision and that the present fence was erected in substitution thereof. On the basis of the said statement at the hearing before the appellant board the Special Term held that, if the claim that on the date of the enactment of the said ordinance provision the respondent had a right to maintain the hedge and wire fence as a nonconforming use can be established by competent proof, there was no abandonment of the use or an extension of the nonconforming use, and for that reason remitted the matter to the appellant board. In our opinion the tearing down of the hedge and wire fence was an abandonment of all right to the maintenance thereof as against the ordinance provision, and the erection and maintenance of the wood fence may not be considered as a continuance of the said nonconforming hedge and wire fence. (Cf. *Matter of Crossroads Recreation* v. *Broz,* 4 N Y 2d 39, affg. 2 A D 2d 862; *Sitgreaves* v. *Board of Adjustment of Nutley,* 136 N.J.L. 21; *People* v. *Miller,* 304 N. Y. 105, 109.) In the *Miller* case (*supra,* p. 109) it was pointed out that the rule which permits the continuance of nonconforming uses is applicable only to avoid "rendering valueless substantial improvements or businesses built up over the years" with resultant "serious financial harm to the property owner", and does not extend to "a purely incidental use of property for recreational or amusement purposes only". The order of the Special Term is appealable. It is a final determination of the instant proceeding. If the direction for a rehearing by the board had been warranted, a subsequent application to the court to review the determination made by the board upon such rehearing would be a new and independent proceeding. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.