Hugh 8. Coyle, J.
Plaintiff Town of Somers seeks an injunction preventing the defendant from continuing its sand and gravel business unless it complies with the provisions of a zoning ordinance enacted by plaintiff on April 14,1959. Defendant seeks to have the said zoning ordinance declared unconstitutional insofar as it applies to defendant and its property.
The property involved consists of two tracts of land situated opposite each other on both the east and west sides of Route 100. Title to substantially all of these lands was acquired by defendant’s predecessor in July and August, 1943. In 1944 substantial improvements were made on the westerly parcel for the commercial handling of sand and gravel. In a prior action between the same parties (Town of Somers v. Camarco, 126 N. Y. S. 2d 154, mod. on other grounds 284 App. Div. 979, affd. 308 N. Y. 537, reargument denied 309 N. Y. 772) it was found, declared and affirmed that both the easterly and westerly-parcels were used and continued to be used for the removal of sand and gravel as a business since a time prior to 1945 and that they reflected an investment of substantial value in lands, plant and structures. On this point the law of the case has been established.
In 1945 the town adopted its first zoning ordinance placing the property here involved in a residential zone, which ordinance contained the usual provision for the continuance of nonconforming uses. However, by amendments to the zoning ordinance in 1952 and 1953, the right to the continuance of nonconforming uses was preserved for all uses except so-called “ Natural Products Uses ”, meaning sand and gravel pits. Said 1952 and 1953 amendments provided that such natural products uses could be continued only on approval by the Zoning Board of Appeals under a one-year permit and that at the expiration of the said approval period the nonconforming úse should be discontinued, the premises restored to their original condition as nearly as practicable and that all structures, machinery, equipment, etc. should be removed from the premises. In the aforementioned action (Town of Somers v. Camarco, supra) the amendments to the zoning ordinance of 1952 and 1953 were held unconstitutional as applied to the defendants in said action and to the property here involved.
Prom the time of the Court of Appeals’ decision until the institution of the present action the defendant has continued *675 to utilize its property on both sides of Route 100 in the Town of Somers in accordance with its legally declared vested right to the continuance of the nonconforming use in the operation of its sand and gravel business, apparently without any molestation from the town. In April, 1959, the town enacted an entire new zoning ordinance in which again, the right to the absolute continuance of nonconforming uses was preserved for all uses except the so-called “ Natural-' Products Uses”. The 1959 ordinance in substance provides that a nonconforming use in a sand and gravel operation may be continued for a period of five years upon application to the Town Clerk for a permit and provided that the applicant deposit with the Town Clerk a bond to be fixed by the Zoning Board of Appeals and approved as to form and sufficiency by the Town Board; the bond to insure that at the termination of the five-year period of continued permissive use the premises would be restored to their original condition as nearly as practicable and that all of the structures, machinery, equipment, etc., would be removed from the premises. The new ordinance further provides that prior to the expiration of the five-year permitted period the applicant may apply for an extension thereof, not to the Town Clerk as in the first instance, but to the Zoning Board of Appeals which in its discretion may grant such an extension.
The defendant failed to apply to the Town Clerk for a five-year permit and continued its operation; the town instituted the present action, and upon the joinder of issue moved for summary judgment. There can be no summary judgment in favor of the plaintiff town for there are here involved not only vital questions of law, but questions of fact which must be determined before the rights of the parties can be ultimately settled and the law as to nonconforming uses clarified in this State.
It is the argument of the plaintiff town on this motion that the defendant has not been deprived of its property since it has an absolute right to a five-year period of operation upon application to the Town Clerk and upon depositing the bond required by the Zoning Board of Appeals. With respect to this contention of the town, which entirely overlooks the fact that at the expiration of the five-year period the defendant will be at the mercy of the Zoning Board of Appeals seeking as a matter of grace that which it now has, as a matter of right, namely, the right to continue its legally vested nonconforming use of the premises, the defendant asserts that the existence of the rule itself presently impairs the defendant in its property rights so as to render inalienable the defendant’s business *676 should it desire to sell the same during the years of permitted use. Proof of such a situation on trial may well render valid the defendant’s contention in this regard upon the principle stated in Dowsey v. Village of Kensington (257 N. Y. 221, 228) as follows: ‘£ The plaintiff contends that the rule itself is invalid and that its existence seriously affects the value of her property. She may desire to sell her property rather than to erect a business building on it and the existence of a rule which would require a purchaser to take subject to the risk that a ‘ special privilege ’ may not be granted, or if granted may be burdened by onerous conditions, must seriously affect the present market value of her property. ‘ Assuming the premises, the existence and maintenance of the ordinance, in effect, constitutes a present invasion of appellee’s'property rights and a threat to continue it. Under these circumstances, the equitable jurisdiction is clear. ’ ”
Although disclaimed by the plaintiff, the' adoption of the 1959 zoning ordinance providing for the termination of lawfully nonconforming natural products uses may well have been prompted by the recent decision in Matter of Harbison v. City of Buffalo (4 N Y 2d 553) decided by the Court of Appeals in June, 1958. In that case it was indicated that the termination of a nonconforming’ use might be condoned if a period of so-called ££ amortization ” were reasonable. An analysis of Matter of Harbison v. City of Buffalo (supra) is appropriate here to ascertain whether New York has really departed from its ancient rule barring the termination of nonconforming uses where substantial investments are concerned.
It may reasonably be questioned whether the rule of law in New York under Matter of Harbison v. City of Buffalo supports the proposition that nonconforming uses involving substantial investments may be terminated by an amortization period. Matter of Harbison v. City of Buffalo (supra, p. 575) was decided by a four to three vote. Three Judges dissented absolutely from the majority opinion, which opinion was concurred in only by one other Judge. The two other Judges whose vote made up the majority concurred only in the result and specifically ££ upon the principles stated in People v. Miller (304 N. Y. 105) ”. Since People v. Miller upheld an ordinance which would prohibit a prior nonconforming use of premises for the maintenance of pigeons as a hobby on the ground that the investment was relatively slight as compared to the common good, reaffirmed the ancient New York rule that nonconforming uses involving substantial investments could not be interfered with by subsequent amendments to zoning ordinances, it is *677 seriously doubted that the rule laid down in the majority opinion in Matter of Harbison v. City of Buffalo makes possible by local legislation the termination of nonconforming uses involving admittedly substantial investments. It may well be therefore that concurrence in the majority in Harbison was merely in the relegation of the case to the Special Term for the purpose of taking proof as to whether the particular use involved an investment which was relatively slight, or substantial. It must be borne in mind that in 1958, at the time of decision of Matter of Harbison v. City of Buffalo, the three-year period for the amortization of the use there involved had already expired, so that if such situation be referred to the principles laid down in People v. Miller (supra) it would seem that the sole reason for concurrence in the “majority” result specifically on the principles of People v. Miller was to ascertain by proof at Special Term whether the investment there involved was in fact relatively slight or substantial.
The principles enunciated in People v. Miller (304 1ST. Y. 105, 107,108,109) are, in the opinion of this court, important enough to bear quotation as follows:
“ It is the law of this state that nonconforming uses or structures, in existence when a zoning ordinance is enacted, are, as a general rule, constitutionally protected and will be permitted to continue, notwithstanding the contrary provisions of the ordinance.
% # %
‘ ‘ The destruction of substantial businesses or structures developed or built prior to the adoption of a zoning ordinance is not deemed to be balanced or justified by the advantage to the public, in terms of more complete and effective zoning, accruing from the cessation of such uses.
“ The court, sustaining the convictions, upheld the applicability of the regulation as to defendants on the ground that they had made little or no investment in improving their properties prior to its passage.
* * *
“In this state, then, existing nonconforming uses will be permitted to continue, despite the enactment of a prohibitory zoning ordinance, if, and only if, enforcement of the ordinance would, by rendering valueless substantial improvements or businesses built up over the years, causes serious financial, harm to the property owner.”
*678 There is, therefore, no indication in the concurrence in Matter of Harbison v. City of Buffalo (4 N Y 2d 553) that in another case the court would sustain an ordinance which attempted to amortize a nonconforming use involving substantial investments.
It must be noted that in the first case of Town of Somers v. Camarco (supra), the Court of Appeals found and declared that the defendant here had a substantial investment in its plant, structures and use of its property for the purpose of excavating sand and gravel.
The rationale of the majority opinion in Matter of Harbison v. City of Buffalo may be further explored and ascertained so as to indicate that the same does not apply to a situation involving substantial investments as in the case in the present action. In enunciating the rule that a mere surface use of property could be terminated by application of a period of amortization, Judge Fbobssel said in his opinion (p. 562): “To enunciate a contrary rule would mean that the use of land for such purposes as a tennis court, an open air skating rink, a junk yard or a parking lot — readily transferable to another site — at the date of the enactment of a zoning ordinance vests the owner thereof with the right to utilize the land in that manner in perpetuity, regardless of the changes in the neighborhood over the course of time.”
However, Judge Fbobssel did not distinguish the first Town of Somers v. Camarco (308 N. Y. 537, supra) case solely upon the ground that the period of termination was unreasonably short. In his opinion in Matter of Harbison v. City of Buffalo (supra, pp. 561-562) he referred to the first Town of Somers v. Camarco case as follows: “ In that case we held that, in view of defendant’s investment and the business which had been built up and carried on over the years, the provisions of the ordinance which required defendant to apply for a permit to continue its business every year, and provided further that on the termination of any approval period any structure or improvement on the premises could be ordered removed and the premises restored to their original condition as nearly as practicable, were unreasonable. There the land involved had unusual resources which made it especially suitable for the nonconforming use carried on; the improvements were necessary for the operation of the business, and the period of termination was unreasonably short. Under these circumstances the ordinance would have deprived the property owner of his * vested rights ’.”
Even if it be assumed that by virtue of Matter of Harbison v. City of Buffalo the rule in New York now is that nonconforming *679 uses which involve substantial investments may be terminated by application of an amortization period, the question still remains one of fact as stated in Matter of Harbison v. City of Buffalo to be determined by the trial court, namely, whether the amortization period is reasonable in the circumstances of the particular case as applied to the particular property, and Matter of Harbison v. City of Buffalo indicates that there are many more questions of fact to be determined besides the period of amortization provided for in the ordinance. Thus, the court in Matter of Harbison v. City of Buffalo said (4 N Y 2d 553, 563-564): ‘ ‘ Material triable issues of fact thus remain, and a further hearing should adduce evidence relating to the nature of the surrounding neighborhood, the value and condition of the improvements on the premises, the nearest area to which petitioners might relocate, the cost of such relocation, as well as any other reasonable costs which bear upon the kind and amount of damages which petitioners might sustain, and whether petitioners might be able to continue operation of their business if not allowed to continue storage of barrels or steel drums outside their frame building. It is only upon such evidence that it may be ascertained whether the resultant injury to petitioners would be so substantial that the ordinance would be unconstitutional as applied to the particular facts of this case.” Plaintiff’s motion for summary judgment is denied.