Bernard S. Meyer, J.
Involved in this declaratory judgment action is the validity of section B-10.1 of article V of the Building Zone Ordinance of the Town of Hempstead, as amended May 15,1962. Plaintiffs are the owners of contiguous pot-handle plots, each with a frontage of 15 feet on Nassau Boulevard in West Hempstead. In three causes of action, plaintiffs attack the ordinance as retrospective, confiscatory and having no reasonable relation to health, safety or general welfare. In their brief plaintiffs contend in addition that the frontage provision inserted in the ordinance by the May 15, 1962 amendment exceeds the authority granted by section 261 of the Town Law, and since the town has argued this point in its brief notwithstanding it was not raised in the pleadings, it will be considered by the court. At the trial the town argued that the proceeding could not be maintained since no application for a variance had been made, but since it did not brief the point, it will be deemed abandoned.
Two of plaintiffs’ arguments may be summarily disposed of. That the ordinance bears no reasonable relation to health, safety or general welfare was not briefed and may be deemed abandoned. In any event no evidence was adduced on the point *329 and absent factual foundation for overthrowing the ordinance, the presumption of constitutionality will sustain it. (Town of Islip v. Summers Coal & Lbr. Co., 257 N. Y. 167.) That the grant of power set forth in section 261 of the Town Law does not use the word “ frontage ” and that subdivision 5 of section 280-a of that law does not establish that the town is without authority to legislate concerning frontage. A reading of section 280-a makes clear that it establishes access minimum but yields no indication that it was intended to pre-empt all aspects of access including frontage. Moreover, the power granted by section 261 includes regulation and restriction of “ the location and use of buildings, structures and land for trade, industry, residence or other purposes ” (emphasis supplied) and frontage is nothing more than the location of land with respect to the public highway.
Plaintiffs’ other two arguments require quotation of the provision in question and more extended discussion. Section B-10.1 provides: “ No dwelling or other building shall be constructed on a lot unless (1) it contains an area of not less than six thousand (6,000) square feet and has a minimum width of fifty-five (55) feet at the front setback line and (2) either has a minimum width of forty (40) feet from and on the street line to the front setback line, or is a lot designated on a plat heretofore or hereafter duly filed in the Office of the Clerk of the County of Nassau. The maximum lot or plot width and area and frontage regulations herein set forth shall not apply to any lot or plot having an area and/or width and/or frontage of less than that prescribed herein, provided such lot or plot has an area of at least four thousand (4,000) square feet and was under different ownership from that of any adjoining land on October 25, 1957, and provided further that such lot or plot and any adjoining land did not come into common ownership since that date.” Prior to May 15, 1962 the section made no reference to frontage and where the present provision uses the date October 25, 1957, the prior provision spoke of “ the effective date of this section.” October 15,1957 was the effective date of the section as it existed prior to May 15, 1962.
The argument that the amended provision is retroactive is predicated on the use of the October 25,1957 date. The provision is, however, prospective as its use of the verb “ shall ” indicates (Sanford v. Bennett, 24 N. Y. 20); its proscription as to frontage does not encompass a building constructed prior to May 15, 1962, or prevent the use of such a building. That the exception uses October 25, 1957 as the determinative single and separate ownership date does not make the provision retrospective; *330 it simply limits the class to which the section prospectively applies.
That the amended provision applies to land for which a permit could have been obtained prior to the amendment does not per se invalidate the amendment. There is no vested right to the continuance of a zoning ordinance in a particular form. Only if a landowner has incurred substantial expenditures in reliance on a particular zoning provision is a zoning change unconstitutional as applied to his property (People v. Miller, 304 N. Y. 105; Telimar Homes v. Miller, 14 A D 2d 586, mot. for lv. to app. den. 10 N Y 2d 709; Matter of Caponi v. Walsh, 228 App. Div. 86; Town of Hempstead v. Lynne, 32 Misc 2d 312). No evidence of any expenditure by plaintiffs was introduced. True it is that the words “ vested right ” are sometimes used in reference to plots made substandard by a particular area or frontage provision, but this is but a shorthand way of saying that every landowner has a vested right to make some use of his land and an area or frontage provision that proscribes any use is unconstitutional because it deprives him of that vested right (Matter of Mandalay Constr. v. Eccleston, 9 A D 2d 918). The question then is not whether a permit would have issued before the amendment, but whether after the amendment there remains any permissible use; put another way, whether the amendment is confiscatory. The distinction was clearly drawn by Judge Fuld in People v. Miller (supra, p. 108) and by Mr. Justice Hogah in Matter of Long Is. Land Research Bur. v. Young (7 Misc 2d 469).
In final analysis, therefore, the problem in the instant case is reduced to whether confiscation has been demonstrated. Plaintiffs’ burden is to establish beyond a reasonable doubt that under its present zoning the property is not reasonably adaptable to any permitted use (Wiggins v. Town of Somers, 4 N Y 2d 215). The permitted uses in the B Residence District in which plaintiffs’ property is located include single-family detached dwellings; public, parochial or private school; railway passenger station; municipal recreational use; agriculture or nursery, provided there is no display for commercial purposes or advertisement on the premises; and, if approved by the Board of Appeals, excavating. Since section B-10.1 prohibits any building on plots such as plaintiffs and since plaintiffs are not a municipality, it is clear that every use except agriculture or nursery or excavating is proscribed by the section. With respect to the latter no evidence was presented, and with respect to the former, plaintiffs’ witnesses had not considered the possibility and on cross-examination were equivocal. No *331 evidence of present value was introduced; no dollar and cents proof was presented. The heavy burden that rests on plaintiff has not been met. “ On this record it does not appear that there has been such a complete and absolute prohibition against the proposed use of [plaintiffs’] property as to warrant the court in determining that there has been an unconstitutional deprivation of property ” (Matter of Cloverdale Enterprises v. D’Abramo, 16 A D 2d 675). The complaint is, therefore, dismissed, with costs, but since the dismissal results from a failure of proof and it appears at least probable that the omission can be supplied, dismissal will, pursuant to the authority contained in CPLB 5013, be without prejudice to such further action or proceeding as plaintiffs may be advised to bring.