■ TOWN OF SOUTHEAST, Respondent, v. LOUISE GONNELLA et al., Appellants.— In an action to enjoin the alleged violation of a zoning ordinance by keeping, maintaining and operating certain real property as a sand and gravel bank, defendants appeal from an order of the Supreme Court, Putnam County, entered February 1, 1966, which granted plaintiff's motion for an injunction *pendente lite*. Order reversed and motion denied, with $10 costs and disbursements. It is well established that the drastic remedy of a temporary injunction is not to be granted unless a clear right thereto is established by the moving papers (*Park Terrace Caterers* v. *McDonough*, 9 A D 2d 113). The plaintiff's rights must be certain as to the law and the facts and the burden of establishing such an undisputed right rests upon the plaintiff (*Pine Hill-Kingston Bus Corp.* v. *Davis*, 225 App. Div. 182). In our opinion, plaintiff has not sufficiently demonstrated that it is entitled to the relief demanded in the complaint. There are here involved questions of law and fact, not fully developed in the record, which must be decided upon trial before the rights of the parties can be settled (cf. *Town of Somers* v. *Camarco Contrs.*, 24 Misc 2d 673, affd. 12 A D 2d 977; *Town of Hempstead* v. *Romano*, 33 Misc 2d 315). Moreover, it cannot be determined from the present record whether the ordinance can be sustained, with respect to defendants' property, under the holding and rationale of *Town of Hempstead* v. *Goldblatt* (19 Misc 2d 176, affd. 9 A D 2d 941, affd. 9 N Y 2d 101, affd. *sub nom. Goldblatt* v. *Hempstead*, 369 U. S. 590), which viewed the ordinance there involved as a " safety " ordinance. It is our further opinion that defendants' convictions in 1964 for violation of a prior ordinance, which ordinance was apparently invalid for failure to comply with proper publishing procedures, did not prevent the establishment of a valid, nonconforming use prior to the adoption of the subject ordinance (cf. *Town of Greenburgh* v. *Bobandal Realties*, 10 N Y 2d 414). This being so, an issue is presented as to whether the provision in the ordinance exempting from the effect thereof for a two-year period all " existing excavation and removal operations which were established prior to this Ordinance " is applicable to defendants. There is, therefore, no justification under these circumstances for enjoining *pendente lite* defendants' use of their property in the manner complained of. In the absence of a clear right to the relief demanded, injunctive relief should not be granted until the issues have been fully explored and the entire matter resolved after plenary trial. Christ, Acting P. J., Rabin, Hopkins and Benjamin, JJ., concur.