■ INCORPORATED VILLAGE OF MUTTONTOWN, Respondent, v. LOUISE FRISCIA et al., Appellants.— In an action to enjoin defendants from violating plaintiff's zoning ordinance, defendants appeal from (1) so much of a judgment of the Supreme Court, Nassau County, entered June 8, 1971 after a nonjury retrial, granting plaintiff injunctive relief, as is in plaintiff's favor and (2) portions of two prior orders of the same court, i.e., so much of the first order, dated March 28, 1969, as granted plaintiff's motion for a new trial, and so much of the second, dated August 28, 1969, as dismissed defendants' first defense in part. Judgment and orders affirmed insofar as appealed from, with one bill of costs. In our opinion, defendants failed to prove that, as a lawful nonconforming use, they were entitled to use part of their premises as a commercial stable. Defendants neither proved that the use existed at the time of plaintiff's enactment of a zoning ordinance in November, 1954 nor that the use was substantial (*People v. Miller*, 304 N. Y. 105; *Matter of Canberg v. Kleinert*, 225 App. Div. 875; Anderson, Zoning Law and Practice in New York State, §§ 6.06, 6.12, 6.13). Further, plaintiff, incorporated in 1931, is empowered to regulate the use of defendants' premises notwithstanding that the premises were annexed by plaintiff in 1954 and that defendants' premises had theretofore been subject

to the zoning power of the Town of Oyster Bay (L. 1936, ch. 879, §§ 1606-1607). Martuscello, Acting, P. J., Christ, Brennan and Benjamin, JJ., concur.