■ In the Matter of HERMAN TARNOWER, Petitioner, v. ROBERT E. DELANY et al., Constituting the Board of Appeals of the Village of Scarsdale, Respondents.— Proceeding pursuant to article 78 of the CPLR to review respondents' determination, dated December 17, 1969, denying petitioner's application under the Zoning Ordinance of the Village of Scarsdale for permission to increase from six to seven the number of physicians whose offices may be located in the subject property. Determination annulled, on the law, without costs, and respondents are directed to grant the application which petitioner made to it. The zoning ordinance provides that a building "*may not provide facilities for, or be occupied at any one time by, more than 6 physicians,* surgeons or dentists; provided that no physician, surgeon or dentist shall use said building or any facilities therein except in an emergency, unless or until his or her name is reported to the building inspector and is included on a current list containing the names of not more than 8 physicians, surgeons or dentists" (italics added). "In making determinations upon applications for special exceptions under the Zoning Ordinance", the Board of Appeals "exercises judgment or discretion of a character which is reviewable as to reasonableness in a proceeding under article 78 of the" CPLR (*Matter of Rothstein* v. *County Operating Corp.*, 6 N Y 2d 728, 729) and "The burden of proof on an applicant for a special exception permit is much lighter than that required for a hardship variance" (*Matter of North Shore Steak House* v. *Board of Appeals of Inc. Vil. of Thomaston*, 30 N Y 2d 238, 244). There are sufficient parking facilities on the premises to provide for all personnel and patients who use the premises and who will use the premises even though another physician be added to the staff and the list of those authorized to occupy and use the building's facilities. The proposed special exception as to the number of physicians comes within the original jurisdiction of the Board of Appeals and is reviewable as to reasonableness. In our opinion this special exception will not create or aggravate a traffic or other hazard, will in general be consistent with the public health, safety, morals and welfare of the community, and will otherwise comply with the zoning ordinance. Therefore the determination of the Board of Appeals was unreasonable, particularly since the building will not at any one time be occupied by more than six physicians. Hopkins, Acting P. J., Lathan, Shapiro and Benjamin, JJ., concur; Gulotta, J., dissents and votes to remand the matter to respondents for the making of a record in accordance with the following memorandum: By this proceeding pursuant to article 78 of the CPLR petitioner seeks review of a decision of the Board of Appeals of the Village of

Scarsdale denying his application to increase from six to seven the number of physicians authorized to use doctors' offices at 259 Heathcote Road. The premises are situated in a Residence A-3 District, in which an office for a physician, outside his own home, is a permitted use only when authorized by the Board of Appeals as a special exception, and only after it shall have determined that certain standards set forth in section 12-17-4 of the Zoning Ordinance have been met. Subdivision (o) of that section sets forth in relevant part that the Board of Appeals may: " (o) Permit offices for physicians, surgeons, or dentists irrespective of the residence of the personnel of such offices, provided that the Board shall find in each case that the proposed offices: (i) Will not create or seriously aggravate a traffic or other hazard, (ii) Will not be incongruous or detrimental to the prevailing residential character of the neighborhood, (iii) Will not impair the use, enjoyment or value of adjacent residential properties, and (iv) Will in general be consistent with the public health, safety, morals and general welfare of the community." Since this power was delegated to the Board of Appeals, as distinct from the village Board of Trustees reserving the power to itself, standards were essential (*Matter of Little* v. *Young,* 82 N. Y. S. 2d 909, affd. 274 App. Div. 1005, affd. 299 N. Y. 699). As originally enacted on August 30, 1957, the ordinance provided that facilities for not more than four doctors, surgeons or dentists could be established in one location in this zone. Petitioner previously applied for and was granted such a permit for four doctors. On October 24, 1967 the ordinance was amended to permit occupancy by six doctors, instead of four, provided they were on a list of " *not more than 8* " (italics supplied) on file with the building inspector. Thus, eight is a permissible maximum figure and not a mandated minimum which an applicant is entitled to list as a matter of course. Petitioner promptly applied for an extension of his special exception and was granted the right to house six doctors from a list of six, but was specifically denied the right to house six doctors from a list of eight. The physical setup at the premises has four doctor suites or sets of rooms, so there are usually only four doctors in attendance at one time, although six are permitted by the existing special exception; and on infrequent occasions there have been five doctors using the offices at the same time. So this whole controversy centers on the number of doctors on the list rather than the number of doctors' quarters, since it is the former which will change the intensity of the use. Petitioner applied for exactly the same extension of use again in April, 1969 and, there being no new grounds advanced for granting it, it was again denied. The application which is involved in this proceeding differs from the two prior applications only in that now petitioner seeks to extend the list of doctors authorized to use the premises for their offices to seven instead of eight. The resolution denying the application, as set forth in the petition, contains no findings, but detailed findings are annexed to the answer, as exhibit 7. Far from finding the existence of facts which would justify a further special exception, the board found exactly the opposite, e.g., it found that increasing the number of doctors on the list using the building during the course of a day would intensify the activity all day, be incongruous with the residential character of the neighborhood, increase the congestion in the parking field and clog up a narrow nearby connecting road, etc. No testimony was given before the board; nor was any offered by either side. There were a great many letters submitted for and against the proposal and these constitute the record. It is also apparent from the findings that the board relied upon matters known to itself. No determination on the merits was made by Special Term because it was under the erroneous impression that CPLR 7804 (subd. [g]) required immediate transfer to the

Appellate Division in that there was involved the sufficiency of a factual showing. However, section 179-b of the Village Law, which is controlling here, provides in part: "The court at special term shall itself dispose of the cause on the merits, determining all questions which may be presented for determination." It is permissible for a Board of Appeals to rely upon facts known to its members individually, but to do so it must make those facts a part of the record (*People ex rel. Fordham M. R. Church* v. *Walsh*, 244 N. Y. 280; *Matter of Syosset Holding Co.* v. *Schlimm*, 15 Misc 2d 10, mod. 4 A D 2d 766). While this court could simply remand this case to Special Term to take proof which would obviate these deficiencies (*Matter of Joynt* v. *King*, 6 A D 2d 234; *Matter of Caponi* v. *Walsh*, 228 App. Div. 86; *Matter of Caponi* v. *Walsh*, 232 App. Div. 777), since case law does not authorize a decision *de novo*, but rather a review of the sufficiency of what already has been determined, it would be more appropriate and correct in my opinion to remand the matter directly to the Board of Appeals to make a meaningful record susceptible of intelligent review by Special Term. Since *Matter of Rothstein* v. *County Operating Corp.* (6 N Y 2d 728) involved review of a *town board* decision on a special exception application and settled merely that a town board was not immune to judicial review as a legislative body when engaged in such a function, I do not think that decision is decisive on how the present appeal should be handled. The novel point decided in that case is foreign to the point involved in this case. There has never been any question about the right to a court review of a Board of Appeals decision such as we are dealing with herein, whether it be a Board of Appeals of a village or of a town. Accordingly, I dissent from the decision herein insofar as it grants the petition, since on this record there is a complete absence of proof to support a determination contrary to that of the Board of Appeals. If petitioner is entitled to seven doctors as a matter of course, he would likewise be entitled to eight as a matter of course, which would represent a 33% increase in the intensity of the use. Such an interpretation renders the purported discretion vested in the Board of Appeals meaningless.