OPINION OF THE COURT
Robert E. White, J.
Petitioner brings this CPLR article 78 proceeding to annul a *35 decision of respondent zoning board of appeals, terminating petitioner’s use of nonconforming signs.
In 1975, the City of Rochester enacted a sign ordinance which included a section providing for the termination of nonconforming signs: "Any non-conforming sign advertising or relating to a business on the premises on which it is located shall be terminated upon any change in the ownership or control of such business.” (Rochester City Code, § 115-96 F [3] [d].)
The purpose of the sign ordinance is to promote and to protect the public health, safety and welfare. (Rochester City Code, § 115-88 A.)
Petitioner is a corporation formed in the late 1960’s for the purpose of operating a liquor store. In 1977, Lawrence Wolk purchased the entire shares of stock of the corporation from three former shareholders. No new corporation was formed, but a change of name certificate was filed. The value of petitioner’s signs is between $3,000 and $5,000.
Respondent terminated petitioner’s use of nonconforming signs on the basis that this stock purchase was a change in the ownership or control of the business, and thus, section 115-96 F (3) (d) of the Rochester City Code applied.
Petitioner argues that a corporation is a perpetual entity and as such there can be no change in ownership, or control, under the terms of the ordinance.
The issue presented is whether a municipality can by a specific clause in a zoning ordinance terminate use of nonconforming signs on the basis that there has been a change in ownership or control of the business.
Nonconforming uses or structures, in existence when the zoning ordinance is enacted, are, as a general rule, constitutionally protected. (People v Miller, 304 NY 105.)
A zoning ordinance must not only relate to the purpose of the ordinance, but it must do so in a manner so as not to deprive the individual property owner from all beneficial use of his property, and, that it does so without imposing upon him a special hardship unnecessarily and unreasonably. (Salamar Bldrs. Corp. v Tuttle, 29 NY2d 221.)
Thus, the enforcement of a zoning regulation against a prior nonconforming use will be sustained where the resulting loss to the owner is relatively slight and insubstantial. The key factor is whether the property interest affected by the particu *36 lar ordinance is too substantial to justify its deprivation in light of the objective to be achieved by the enforcement of the provisions. (People v Miller, supra.)
The test in the Miller case was later applied to zoning ordinances involving amortization clauses (Matter of Harbison v City of Buffalo, 4 NY2d 553), and there is no reason not to apply it to change in ownership clause since, like the Miller case, it involves an immediate cessation of a nonconforming use provided there is no deprivation of a substantial property right.
More recently, the Court of Appeals in a case involving a zoning ordinance which prohibited erection of advertising signs and amortized the prior nonconforming signs, stated: "we are of the opinion that, regardless of whether a legislative pronouncement is denominated a zoning ordinance, a landmark regulation, or more broadly, as an exercise of the police power, the critical test of its constitutionality remains whether the challenged legislation deprives a property owner of all reasonable use of his property.” (Modjeska Sign Studios v Berle, 43 NY2d 468, 476-477.)
The application of this ordinance falls within the principles stated above. The ordinance in question limits the use of nonconforming signs, and petitioner’s liquor store itself is not the object of the ordinance. Petitioner is not restrained from installing advertising signs, but merely from using nonconforming signs.
It cannot be said that the petitioner is deprived of all reasonable use of his property. The loss herein is not so substantial as to outweigh the public gain achieved by the exercise of the police power. (Modjeska Sign Studios v Berle, supra.)
The stock purchase was a change in ownership or control so as to trigger the application of the ordinance. Control signifies the authority to operate or manage. The purchase of all the stock of a corporation gives such a purchaser complete control, and such purchase is a change in the control of the business within the meaning of this ordinance.
Petitioner’s application is denied.