Carl G. Whitbeck, Esq. Legal Advisor, City of Hudson
You have informed us that in 1968 an ordinance was passed by your city prohibiting the raising and keeping of any chickens, roosters, turkeys, pigeons or any other type of fowl or birds. An exception was established for those possessing birds as of the date of the enactment. On October 17, 1978, this exception was repealed and persons raising or keeping fowl or birds were given until April 30, 1979 to eliminate these birds. Your question is whether the 1978 amendment, in requiring that persons harboring birds at the time of its adoption and who may have lawfully possessed them for a long period prior thereto, is valid.
In People v Miller, 304 N.Y. 105 (1952), the defendant kept pigeons as a hobby and since 1945 had harbored them on his property located in a residential area of the town. In 1947, the town's building zone ordinance was amended to outlaw this use of property in any residential, business or commercial zone unless authorized by the zoning board of appeals(ibid.). The Court of Appeals recognized that regulations prohibiting the keeping of certain animals had been upheld as a proper and reasonable zoning regulation and as a valid exercise of the police power (id., p 107). The question in issue in that case was whether the defendant's keeping of pigeons prior to the enactment of the regulations established a nonconforming use that was constitutionally protected and could not be discontinued. The Court of Appeals stated the general rule that "existing nonconforming uses will be permitted to continue, despite the enactment of a prohibitory zoning ordinance if, and only if, enforcement of the ordinance would, by rendering valueless substantial improvements or businesses built up over the years, cause serious financial harm to the property owner" (id., p 109). The Court reasoned that this rule with its emphasis upon pecuniary or economic loss was inapplicable to an incidental use of property for recreation or amusement purposes (ibid.). It was decided that the harboring of pigeons as a hobby does not amount to a vested right and that depriving the defendant of this pastime did not affect substantially his property rights in the use of the premises(ibid.). Thus, the immediate prohibition of this pastime by the regulations was upheld.
We note that the conditions under which nonconforming uses may be terminated have been further defined (Matter of Harbison v City ofBuffalo, 4 N.Y.2d 553 [1958]). It has been recognized that the benefit accruing to the public from more effective zoning does not justify the immediate destruction of substantial businesses or structures lawfully developed under prior zoning regulation (id., pp 559-560). However, reasonable restrictions on nonconforming uses have been upheld (ibid.). A nonconforming use may be terminated after a reasonable period during which the owner has a fair opportunity to amortize his investment and to make future plans (id., pp 561-563). Thus, the reasonableness of regulations terminating nonconforming uses will depend on the nature of the person's use of property and the extent of his loss resulting from the proposed change, when weighed against the public interest in effective zoning (ibid.).
We conclude that a city regulation, prohibiting the keeping of certain fowl or birds and applying the prohibition to persons possessing these animals at the time of enactment, is valid.