Village of Valatie, Appellant, v Lynette Smith, Respondent.

Third Department, April 22, 1993

APPEARANCES OF COUNSEL

*Rapport, Meyers, Griffen & Whitbeck,* Hudson *(David L. Krech* of counsel), for appellant.

*Miner & Miner,* Hudson *(Lance R. Miner* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

At issue on this appeal is the constitutionality of a provision of the Code of the Village of Valatie that terminates a nonconforming use upon a change in ownership of the property.* Supreme Court held that the provision is unconstitutional based upon case law holding that a mere change in ownership does not result in the destruction of a valid existing nonconforming use *(see, e.g., North Fork Motel v Grigonis,* 93 AD2d 883). We conclude that, on its face, the challenged provision does not constitute a reasonable means of achieving a legitimate goal. Supreme Court's order should therefore be affirmed.

In 1968 plaintiff adopted a local law that regulated the placement and use of mobile homes within the Village of Valatie, Columbia County. Although mobile homes were prohibited outside of mobile home parks, a mobile home lawfully in place prior to the enactment of the local law but not located in a mobile home park could continue to be used as living quarters. After a parcel of property within the Village was conveyed to defendant pursuant to the terms of her father's will, plaintiff commenced this action to compel defendant to remove a mobile home from the premises. It is undisputed that the mobile home, which is not in a mobile home park, was lawfully in place prior to plaintiff's enactment of the local law that regulates mobile homes. The parties cross-moved for summary judgment. Supreme Court denied plaintiff's motion, granted defendant's motion and dismissed the complaint, resulting in this appeal by plaintiff.

The validity of the provision of the local law at issue in this action cannot be determined merely on the basis of the

---

* New York appellate courts apparently have not addressed the question of the validity of local laws that terminate nonconforming uses upon a change in ownership. One commentator describes such laws as "rare and of doubtful validity" (1 Anderson, New York Zoning Law and Practice § 6.26, at 250 [3d ed]), but one lower court has upheld the validity of such a provision *(see, Matter of Taksen Liq. Store v Bonisteel,* 103 Misc 2d 34).

general rule that a change in ownership of the property does not destroy a valid existing nonconforming use. The right to continue a nonconforming use does not ordinarily expire after a fixed period of time either, but the courts of this State have upheld zoning ordinance provisions that eliminate nonconforming uses through the use of amortization periods, provided that the period allowed to recapture the investment in the use is reasonable *(see, e.g., Town of Islip v Caviglia,* 73 NY2d 544, 560-561; *Matter of Harbison v City of Buffalo,* 4 NY2d 553, 562). Plaintiff claims that the provision at issue here is, in effect, an amortization provision that uses a variable amortization period (measured by the lapse of time between the enactment of the provision and the first change of ownership thereafter) instead of a fixed period of time.

On its face, plaintiff's claim has a certain logic and appeal. If a municipality can provide for the termination of a nonconforming use after a certain period of time, with the reasonableness of the provision dependent upon the facts of each particular case in which the provision is applied *(see, Modjeska Sign Studios v Berle,* 43 NY2d 468, 480, *appeal dismissed* 439 US 809), it would seem that a municipality could provide for the termination of a nonconforming use upon a change in ownership, with the reasonableness of the provision dependent upon the facts of the particular case in which it is applied, including the amount of time elapsed between the enactment of the provision and the change of ownership. Certainly, the mere fact that the period is variable should not affect the validity of the provision *(see, Town of Islip v Caviglia, supra,* at 560-561 [particular amortization period varied from 1¼ to 5¼ years depending upon the amount of the capital investment in the use]). The variable period in the provision at issue, however, is virtually without limits, for the owner could sell the property immediately after the effective date of the provision or a corporate owner could conceivably continue the use forever.

Of greater significance is that the provision at issue appears to run afoul of the fundamental rule that zoning deals basically with land use rather than the person who owns or occupies the land *(see, Matter of Dexter v Town Bd.,* 36 NY2d 102, 105). Pursuant to this rule, a zoning ordinance that attempts to control the ownership or transference of property, rather than its use, is unconstitutional *(see, Matter of Weinrib v Weisler,* 33 AD2d 923, *affd* 27 NY2d 592). Although there can be little doubt that the provision at issue has an effect on

the ownership and transference of property, plaintiff argues that the purpose of the provision is to eliminate a nonconforming use. There is "a strong policy favoring the eventual elimination of nonconforming uses" *(Matter of Off Shore Rest. Corp. v Linden,* 30 NY2d 160, 164), and municipalities may eliminate nonconforming uses provided that termination is accomplished in a reasonable fashion *(see, Matter of Syracuse Aggregate Corp. v Weise,* 51 NY2d 278, 287).

We are of the view that the provision at issue herein is not a reasonable means of eliminating a nonconforming use. As already noted, the period provided by the provision at issue is virtually limitless. The nonconforming use as a mobile home site can continue for years and might never be eliminated in the case of a corporate owner. The period of time bears no relationship to the use of the land or the investment in that use, but depends entirely upon if and when there is a change in the ownership of the real property or the mobile home located on that property. Had plaintiff intended to terminate the nonconforming use after an amortization period it could easily have done so. Instead, it chose to restrict the owner's right to transfer the nonconforming use and, in so doing, plaintiff improperly sought to control the ownership and transference of property rather than its use *(see, Matter of Weinrib v Weisler, supra).*

WEISS, P. J., YESAWICH JR., MERCURE and MAHONEY, JJ., concur.

Ordered that the order is affirmed, with costs.